















JPP    11/17/05    10:55

3:05-CV-02125   RUIZ V. AFFINITY LOGISTICS

*1*

*TRANCS.*



I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 11-07-05

**FILED**

NOV 1 4 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RUIZ, individually and on behalf
of all others similarly situated,

**05 CV 2125    R   NLS**

Plaintiff,

No. C 05-02015 JSW

v.

AFFINITY LOGISTICS CORPORATION,

**ORDER GRANTING MOTION TO
TRANSFER VENUE**

Defendant.
_____/

Now before the Court is the motion filed by Affinity Logistics Corporation ("Affinity

Logistics") to transfer venue to the District Court for the Southern District of California

("Southern District") pursuant to 28 U.S.C. § 1404. Having carefully reviewed the parties'

papers and considered their arguments and the relevant legal authority, and good cause

appearing, the Court hereby GRANTS Affinity Logistics' motion to transfer venue. The Court

finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b). Therefore,

the hearing date of November 18, 2005 at 9:00 a.m. is HEREBY VACATED.

**BACKGROUND**

Plaintiff Fernando Ruiz filed a class action complaint against Affinity Logistics for

failure to pay overtime wages to the current and former delivery drivers in violation of the Fair

Labor Standards Act and for failure to pay employee benefits as required by California state

1   law.[1] Plaintiff asserts that the claims stem from Affinity Logistics' improper classification of its

2   delivery drivers as independent contractors rather than employees.

3        Affinity Logistics, a Georgia corporation with its principal place of business in Marietta,

4   Georgia, is a motor carrier which provides home delivery services and logistics support. The

5   company hauls a variety of products, including appliances, furnishings and home electronics

6   and operates from facilities in over 55 locations. (Declaration of Tony Quinn ("Quinn Decl."),

7   ¶ 2.) In providing delivery services, Affinity Logistics contracts with drivers who provide

8   delivery equipment and the labor to complete the delivery. (*Id.* at ¶ 3.)

9        The Court will address the specific facts relevant to this motion as they are pertinent to

10   the analysis.

11                                   **ANALYSIS**

12        Affinity Logistics seeks to have the Court transfer this action to the Southern District of

13   California. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any

14   district where the case could have been filed originally for the convenience of the parties and

15   witnesses and in the interest of justice.

16        A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors

17   to determine whether transfer is appropriate in a particular case. For example, the court may

18   consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties;

19   (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and

20   (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330

21   U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.

22   2000). As the moving party, Affinity Logistics bears the burden of showing that the

23   inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. &*

24   *P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires

25   production of affidavits or declarations identifying key witnesses and anticipated testimony). If

26

27   [1] In his complaint, Plaintiff also gives notice that he intends to seek leave to amend
his complaint following the exhaustion of any necessary administrative remedies, to assert
claims for Affinity Logistics' wrongful exclusion of the class of plaintiffs from its 401(k) and

28   other benefits plans pursuant to the Employee Retirement Income Security Act of 1974. (*See*
Complaint at ¶¶ 82-83.)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   the balance of convenience weighs strongly in favor of transfer, the Court may accord less

2   deference to a plaintiff's chosen forum. *Id.*

3      There is no dispute that Ruiz could have sued Affinity Logistics in the Southern District

4   of California. Accordingly, the Court weighs the relevant competing factors to determine which

5   forum is appropriate under the circumstances.

6     **1.   Plaintiff's Choice of Forum.**

7      The deference accorded to the plaintiff's chosen forum should be balanced against both

8   the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including

9   those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d

10  949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original

11  *selection and that forum has no particular interest in the parties or the subject matter, [a]*

12  *plaintiff's choice is only entitled to minimal consideration.*" *Id.*

13     Here, Ruiz is a resident of Southern California and his delivery services were performed

14  out of the San Diego area. (Declaration of Brent House ("House Decl."), ¶¶ 3-5.) In addition,

15  the evidence relating to the terms of his employment are located in the Southern District. (*Id.* at

16  ¶ 5.) Plaintiff does not argue that he resides in this district, nor that his employment was located

17  here. The complaint does not allege that acts in this district gave rise to the claims. Rather,

18  Plaintiff contends that because Affinity Logistics maintains approximately 470 delivery drivers

19  dispersed throughout the United States and each delivery driver signs the agreement to provide

20  delivery equipment and labor, the relevant agreements were executed all across the country.

21  Therefore, Plaintiff argues that the center of the dispute does not arise in the Southern District.

22  He does not allege, however, that the center of the dispute arises in this district, but only that his

23  forum preference should be accorded deference.

24     The central dispute in this case arises from Ruiz's allegations that Affinity Logistics

25  failed to abide by its obligations to pay drivers employee benefits, overtime and other wages as

26  required by California law. The allegations pertaining to Plaintiff Ruiz are centered in the

27  Southern District by virtue of Plaintiff's residence and the fact that his agreement was executed

28  and his services performed in the San Diego area. Plaintiff's contention is that, as a

1   representative of a potential class action, his choice of forum should not focus on his individual

2   residence. However, this district has determined that the initial analysis of proper venue, even

3   for a purported class action, is the location of the residence, employment and evidence of the

4   named plaintiff. *See Dudash v. Varnell Struck & Associates, Inc.*, 2004 WL 2623903 at *4

5   (N.D. Cal. 2004). Here, the location of the Plaintiff's residence, employment and the evidence

6   of the contract for services are all located in the Southern District. Further, Plaintiff has failed to

7   allege or present evidence demonstrating that the majority of the potential class members within

8   California reside in this district. Failure to so demonstrate weighs in favor of transfer. *See id.*

9   at *5.

10          Therefore, the Court concludes that the Plaintiff's choice of forum, although entitled to

11   some deference, does not weigh against transfer in this matter.

12          **2.      Convenience of the Witnesses and Parties**.

13          In addition to considering the Plaintiff's choice of forum, the Court will consider the

14   relative convenience to all the parties involved in the lawsuit of the competing forums when

15   deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. Although Affinity Logistics is a

16   Georgia corporation, it does not dispute that it conducts business, both in the Northern and

17   Southern District of California. The residence of Plaintiff would indicate that the Southern

18   District would also be more convenient for Plaintiff himself. (*See* Ex. A to Motion.) In

19   addition, Affinity Logistics contends that the Southern District is a more convenient forum

20   because the majority of the non-party and party witnesses reside within the jurisdiction.

21   Plaintiff contends that there will be witnesses inconvenienced in both jurisdictions, and third-

22   party witnesses beyond the subpoena power of both districts, and that balancing the

23   inconvenience is a zero sum game. (Opp. Br. at 8.)

24          The convenience of witnesses is often the most important factor in resolving a motion to

25   transfer. The trial court looks at who the witnesses are, where they are located, and the

26   relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384,

27   389 (9th Cir. 1974). Affinity Logistics provides declarations setting forth a representative

28   group of witnesses who live in or near the Southern District. (House Decl., ¶ 8; Quinn Decl., ¶

**United States District Court**
For the Northern District of California

4

8.) Plaintiff merely argues that the relevant witnesses are located throughout California and the majority of witnesses are located outside the range of both jurisdictions' compulsory subpoena powers. Plaintiff contends that "[f]or every witness whose testimony is gained by transferring the matter, an equal number of witnesses' testimony is lost." (Opp. Br. at 10.)

Because Affinity Logistics has proffered evidence of specific witnesses who would be inconvenienced or unable to testify before this district, the Court finds the convenience of the witnesses and parties factor weighs in favor of transfer.

**3.     Familiarity of the Forum With the Applicable Law.**

Because neither party has demonstrated that one forum would be more familiar with the law involved, the Court finds this factor to be neutral.

**4.     Ease of Access to Evidence.**

Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508. Affinity Logistics has submitted a declaration which indicates that documentary evidence relating to Ruiz's contract with Affinity Logistics and other documents relating to the drivers working out of the San Diego facility are located in the Southern District. (House Decl., ¶ 7.) Plaintiff contends only that the sources of proof are located all across the country and the ease of access to evidence does not favor either jurisdiction.

The Court concludes that Affinity Logistics has met its burden to show that the majority of the documentary evidence pertinent to this dispute is located in the Southern District. This factor also weighs in favor of transfer.

**5.     Relative Congestion.**

Another factor courts consider is the relative court congestion in each forum. According to available statistics, the Northern District's docket has a heavier case load than the Southern District. (Ex. B to Motion.) Thus, this factor weighs in favor of transfer.

Because the majority of factors weigh in favor of transfer, the Court finds that Affinity Logistics has met the burden of demonstrating that the action should be transferred to the Southern District of California and therefore GRANTS Defendant's motion.

5

1

**CONCLUSION**

2          For the foregoing reasons, the Court GRANTS Defendant's motion to transfer to the

3    case to the United States District Court for the Southern District of California.  The Clerk is

4    directed to transfer this case, forthwith.  Plaintiff's motion for certification of a collective action

5    and permission to send notice shall be addressed by the Southern District Court.

6

7          **IT IS SO ORDERED.**

8

9    Dated:  November 7, 2005

10                                                                                      JEFFREY S. WHITE
                                                                                         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

November 10, 2005

RE: CV 05-02015 JSW FERNANDO RUIZ-v-AFFINITYLOGISTICS CORP.
Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

(x)    Certified copy of docket entries

(x)    Certified copy of TRANSFERRAL ORDER

(x)    Original case file documents

(x)   Please be advised that the above entitled action was previously designated to the Electronic Case Filing program. You can access electronically filed documents through PACER referencing the Northern District of California case number at https://ecf.cand.uscourts.gov

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by:  Hilary D. Jackson
Case Systems Administrator

Enclosures
Copies to counsel of record

ADRMOP, CLOSED, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:05-cv-02015-JSW
#### Internal Use Only

Ruiz v. Affinity Logistics Corporation
Assigned to: Hon. Jeffrey S. White
Cause: 29:201 Fair Labor Standards Act

Date Filed: 05/17/2005
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Fernando Ruiz**
*individually and on behalf of all others
similarly situated*

represented by **Daniel A Osborn**
521 Fifth Avenue
34th Floor
New York, NY 10175
212-888-9000
Fax: 212-888-9664
Email: dosborn@bandolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elic Anbar**
Law Offices of Elic Anbar
11770 Bernardo Plaza Court
Suite 453
San Diego, CA 92128
858-521-1160
Fax: 858-521-0884
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Affinity Logistics Corporation**

represented by **Daniel R. Barney**
Scopelitis Garvin Light & Hanson, PC
1850 M St NW, Suite 280
Washington, DC 20036-5804
202-783-5485
Fax: 202-783-9230
Email: dbarney@scopelitis.com
*ATTORNEY TO BE NOTICED*

**James H. Hanson**
Scopelitis, Garvin, Light & Hanson
10 W. Market Street
Suite 1500
Indianapolis, IN 46204
317-637-1777
Fax: 317-687-2414
Email: jhanson@scopelitis.com
*ATTORNEY TO BE NOTICED*

**Kathleen Collins Jeffries**
Scopelitis Garvin Light & Hanson, LLP
790 East Colorado Boulevard, 9th Floor

I [ ... ] certify that the annexed
is a true [ ... ] correct copy
of the original on file in my office.
WILLIAM
RICHARD W. WIEKING
Clerk U.S. District Court
[ ... ] California
Deputy Clerk
Date  11-10-05

Pasadena, CA 91101
626-795-4700
Fax: 626-795-4790
Email: kjeffries@scopelitis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/17/2005 | ●1 | CLASS ACTION COMPLAINT against Affinity Logistics Corporation (Filing fee $ 250.00, receipt number 4411094.). Filed byFernando Ruiz. (gba, COURT STAFF) (Filed on 5/17/2005) Additional attachment(s) added on 5/23/2005 (gba, COURT STAFF). (Entered: 05/19/2005) |
| 05/17/2005 | ●2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/9/2005. Case Management Conference set for 9/16/2005 01:30 PM. (Attachments: # 1 Standing Order CMC #1# 2 Standing Order #2)(gba, COURT STAFF) (Filed on 5/17/2005) (Entered: 05/19/2005) |
| 05/17/2005 | ● | Summons Issued as to Affinity Logistics Corporation. (gba, COURT STAFF) (Filed on 5/17/2005) (Entered: 05/19/2005) |
| 05/17/2005 | ● | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 5/17/2005) (Entered: 05/19/2005) |
| 05/20/2005 | ●3 | CLERK'S NOTICE TO PLAINTIFF RE: Consent to Proceed before a U.S. Magistrate Judge. Form due by JUNE 3, 2005. (klh, COURT STAFF) (Filed on 5/20/2005) Additional attachment(s) added on 5/20/2005 (klh, COURT STAFF). (Entered: 05/20/2005) |
| 06/08/2005 | ●4 | Declination to Proceed Before a U.S. Magistrate Judge by Fernando Ruiz. (Osborn, Daniel) (Filed on 6/8/2005) (Entered: 06/08/2005) |
| 06/08/2005 | ●5 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 6/8/2005) (Entered: 06/08/2005) |
| 06/09/2005 | ●6 | ORDER REASSIGNING CASE. Case reassigned to Judge Jeffrey S. White for all further proceedings. Judge Joseph C. Spero no longer assigned to case. Signed by Executive Committee on 06/09/05. (mab, COURT STAFF) (Filed on 6/9/2005) (Entered: 06/09/2005) |
| 06/13/2005 | ●7 | WAIVER OF SERVICE Returned Executed filed by Fernando Ruiz. Service waived by Affinity Logistics Corporation waiver sent on 5/23/2005, answer due 7/22/2005. (Osborn, Daniel) (Filed on 6/13/2005) (Entered: 06/13/2005) |
| 06/16/2005 | ●8 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 10/7/2005 01:30 PM. Case Management Statement due by 9/30/2005.. Signed by Judge Jeffrey S. White on 6/15/05. (jjo, COURT STAFF) (Filed on 6/16/2005) (Entered: 06/16/2005) |
| 07/11/2005 | ●11 | MOTION for leave to appear in Pro Hac Vice of Daniel R. Barney-fee paid #3374241 filed by Affinity Logistics Corporation. (hdj, COURT STAFF) (Filed on 7/11/2005) (Entered: 07/12/2005) |
| 07/11/2005 | ● | Received Document re [11] (Proposed) Order MOTION for leave to appear in Pro Hac Vice by Affinity Logistics Corporation. (hdj, COURT STAFF) (Filed on 7/11/2005) (Entered: 07/12/2005) |
| 07/11/2005 | ●12 | MOTION for leave to appear in Pro Hac Vice of James H. Hanson-fee paid #3374241 filed by Affinity Logistics Corporation. (hdj, COURT STAFF) (Filed on 7/11/2005) (Entered: 07/12/2005) |
| 07/11/2005 | ● | Received Document (Proposed) Order re [12] MOTION for leave to appear in Pro Hac |

| | | |
|---|---|---|
| | | Vice by Affinity Logistics Corporation. (hdj, COURT STAFF) (Filed on 7/11/2005) (Entered: 07/12/2005) |
| 07/12/2005 | ●9 | ORDER GRANTING APPLICATION FOR ADMISSION OF ATTORNEY JAMES H. HANSON PRO HAC VICE. Signed by Judge Jeffrey S. White on 7/12/05. (jjo, COURT STAFF) (Filed on 7/12/2005) (Entered: 07/12/2005) |
| 07/12/2005 | ●10 | ORDER GRANTING APPLICATION FOR ADMISSION OF ATTORNEY DANIEL R. BARNEY PRO HAC VICE. Signed by Judge Jeffrey S. White on 7/12/05. (jjo, COURT STAFF) (Filed on 7/12/2005) (Entered: 07/12/2005) |
| 07/12/2005 | | ***Motions terminated: [11] MOTION for leave to appear in Pro Hac Vice filed by Affinity Logistics Corporation,, [12] MOTION for leave to appear in Pro Hac Vice filed by Affinity Logistics Corporation,. (hdj, COURT STAFF) (Filed on 7/12/2005) (Entered: 07/12/2005) |
| 07/12/2005 | | ***Attorney James H. Hanson for Affinity Logistics Corporation, Daniel R. Barney for Affinity Logistics Corporation added. (hdj, COURT STAFF) (Filed on 7/12/2005) (Entered: 07/12/2005) |
| 07/15/2005 | ●13 | CERTIFICATE OF SERVICE by Fernando Ruiz (Osborn, Daniel) (Filed on 7/15/2005) (Entered: 07/15/2005) |
| 07/22/2005 | ●14 | ANSWER to Complaint *and Affirmative Defenses* byAffinity Logistics Corporation. (Hanson, James) (Filed on 7/22/2005) (Entered: 07/22/2005) |
| 07/25/2005 | ●15 | Certificate of Interested Entities *and Corporate Disclosure Statement* (Hanson, James) (Filed on 7/25/2005) (Entered: 07/25/2005) |
| 08/12/2005 | ●16 | MOTION to Certify Class filed by Fernando Ruiz. Motion Hearing set for 10/7/2005 09:00 AM in Courtroom 2, 17th Floor, San Francisco. (Osborn, Daniel) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●17 | Declaration of Daniel A. Osborn in Support of 16 MOTION to Certify Class filed byFernando Ruiz. (Attachments: # 1 # 2 # 3)(Related document(s)16) (Osborn, Daniel) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●18 | Proposed Order re 16 MOTION to Certify Class, 17 Declaration in Support by Fernando Ruiz. (Osborn, Daniel) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●19 | MOTION to Change Venue filed by Affinity Logistics Corporation. Motion Hearing set for 10/7/2005 09:00 AM in Courtroom 2, 17th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Hanson, James) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●20 | Brief re 19 MOTION to Change Venue filed byAffinity Logistics Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s)19) (Hanson, James) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●21 | Declaration of Tony Quinn in Support of 19 MOTION to Change Venue filed byAffinity Logistics Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Related document(s)19) (Hanson, James) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/12/2005 | ●22 | Declaration of Brent House in Support of 19 MOTION to Change Venue filed byAffinity Logistics Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Related document(s)19) (Hanson, James) (Filed on 8/12/2005) (Entered: 08/12/2005) |
| 08/16/2005 | ●23 | Amended MOTION to Certify Class filed by Fernando Ruiz. Motion Hearing set for 11/18/2005 09:00 AM in Courtroom 2, 17th Floor, San Francisco. (Osborn, Daniel) (Filed on 8/16/2005) (Entered: 08/16/2005) |
| 08/16/2005 | ●24 | Declaration of Daniel A. Osborn in Support of 23 Amended MOTION to Certify Class filed byFernando Ruiz. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Related |

| | | |
|---|---|---|
| | | document(s)23) (Osborn, Daniel) (Filed on 8/16/2005) (Entered: 08/16/2005) |
| 08/16/2005 | ●25 | Proposed Order re 23 Amended MOTION to Certify Class, 24 Declaration in Support by Fernando Ruiz. (Osborn, Daniel) (Filed on 8/16/2005) (Entered: 08/16/2005) |
| 08/17/2005 | ●26 | CLERK'S NOTICE Case Management Conference set for 11/18/2005 09:00 AM. Case Management Statement due by 11/10/2005. (jjo, COURT STAFF) (Filed on 8/17/2005) (Entered: 08/17/2005) |
| 08/19/2005 | ●27 | Amended MOTION to Change Venue filed by Affinity Logistics Corporation. Motion Hearing set for 11/18/2005 09:00 AM in Courtroom 2, 17th Floor, San Francisco. (Hanson, James) (Filed on 8/19/2005) (Entered: 08/19/2005) |
| 08/19/2005 | | ***Motions terminated: 16 MOTION to Certify Class filed by Fernando Ruiz,, 19 MOTION to Change Venue filed by Affinity Logistics Corporation,. (hdj, COURT STAFF) (Filed on 8/19/2005) (Entered: 08/19/2005) |
| 08/31/2005 | ●28 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Osborn, Daniel) (Filed on 8/31/2005) (Entered: 08/31/2005) |
| 09/01/2005 | ●29 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options (Hanson, James) (Filed on 9/1/2005) (Entered: 09/01/2005) |
| 09/01/2005 | ●30 | STIPULATION and Proposed Order selecting Early Neutral Evaluation by Affinity Logistics Corporation, Affinity Logistics Corporation *and Plaintiff, Fernando Ruiz* (Hanson, James) (Filed on 9/1/2005) (Entered: 09/01/2005) |
| 09/07/2005 | ●31 | ORDER GRANTING 30 Stipulation Selecting Early Neutral Evaluation. Signed by Judge Phyllis J. Hamilton for Judge Jeffrey S. White on September 6, 2005. (jswlc2, COURT STAFF) (Filed on 9/7/2005) (Entered: 09/07/2005) |
| 10/14/2005 | ●32 | Memorandum in Opposition *to Affinity's transfer motion* filed byFernando Ruiz. (Osborn, Daniel) (Filed on 10/14/2005) (Entered: 10/14/2005) |
| 10/14/2005 | ●33 | Proposed Order re 32 Memorandum in Opposition *to Affinity's transfer motion* by Fernando Ruiz. (Osborn, Daniel) (Filed on 10/14/2005) (Entered: 10/14/2005) |
| 10/14/2005 | ●34 | AFFIDAVIT in Opposition *to Affinity's transfer motion* filed byFernando Ruiz. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Osborn, Daniel) (Filed on 10/14/2005) (Entered: 10/14/2005) |
| 10/14/2005 | ●35 | Memorandum in Opposition re 23 Amended MOTION to Certify Class filed byAffinity Logistics Corporation. (Attachments: # 1 Affidavit of Charles T. Hitt (Ex. 1)# 2 Exhibit A to Hitt Declaration# 3 Exhibit B to Hitt Declaration# 4 Exhibit C to Hitt Declaration# 5 Exhibit D to Hitt Declaration# 6 Exhibit E to Hitt Declaration# 7 Exhibit F to Hitt Declaration# 8 Exhibit G to Hitt Declaration# 9 Exhibit H to Hitt Declaration# 10 Exhibit I to Hitt Declaration# 11 Exhibit J to Hitt Declaration# 12 Exhibit K to Hitt Declaration# 13 Exhibit L to Hitt Declaration# 14 Exhibit M to Hitt Declaration# 15 Exhibit N to Hitt Declaration# 16 Exhibit O to Hitt Declaration# 17 Exhibit P to Hitt Declaration# 18 Exhibit Q(i) to Hitt Declaration# 19 Exhibit Q(ii) to Hitt Declaration# 20 Affidavit of Greg R. Inwood (Ex. 2)# 21 Affidavit of Christina Miranda (Ex. 3)) (Hanson, James) (Filed on 10/14/2005) (Entered: 10/14/2005) |
| 10/17/2005 | ●36 | NOTICE of Appearance by Kathleen Collins Jeffries *as Co-Counsel for* (Jeffries, Kathleen) (Filed on 10/17/2005) (Entered: 10/17/2005) |
| 10/28/2005 | ●37 | Reply Memorandum re 27 Amended MOTION to Change Venue filed byAffinity Logistics Corporation. (Attachments: # 1 Exhibit A# 2 Affidavit Declaration of James Harris# 3 Exhibit C# 4 Exhibit D)(Hanson, James) (Filed on 10/28/2005) (Entered: 10/28/2005) |
| 11/04/2005 | ●39 | Consent to Join by Fernando Ruiz. (hdj, COURT STAFF) (Filed on 11/4/2005) (Entered: 11/07/2005) |

| 11/04/2005 | 🌑40 | Reply Memorandum of Law in Support of Certification of a Collective Action filed byFernando Ruiz. (hdj, COURT STAFF) (Filed on 11/4/2005) (Entered: 11/07/2005) |
| 11/07/2005 | 🌑<u>38</u> | ORDER by Judge Jeffrey S. White GRANTING <u>27</u> Motion to Change Venue. (jswlc2, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/07/2005) |
| 11/07/2005 |  | ***Civil Case Terminated. (hdj, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/09/2005) |

BEATIE AND OSBORN LLP
Daniel A. Osborn (CSB No. 132472)
521 Fifth Avenue, 34th Floor
New York, New York 10175
(212) 888-9000

E-filing

FILED

2005 MAY 17  AM 10: 51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF ELIC ANBAR
Elic Anbar (CSB No. 122979)
11770 Bernardo Plaza Court, Suite 453
San Diego, California 92128
Telephone:     (858) 521-1160
Facsimile:     (858) 521-0884

Attorneys for Plaintiff and All
Others Similarly Situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

---------------------------------------------------------- X

FERNANDO RUIZ, individually and on behalf of all
others similarly situated,

                    Plaintiff,

                  v.

AFFINITYLOGISTICS CORPORATION,

                    Defendant.

---------------------------------------------------------- X

C05-02015

Civil No.

**CLASS ACTION COMPLAINT**

Plaintiff Fernando Ruiz, by and through his attorneys, Beatie and Osborn LLP and Law Offices of Elic Anbar, as and for his Complaint against Affinity Logistics Corporation, alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action as a collective action on behalf of a class of all current and former delivery drivers of Affinity Logistics Corporation ("Affinity"). Plaintiff alleges that Affinity has failed to pay overtime wages to the drivers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.

2.    Plaintiff also brings this action as a class action on behalf of all current and former delivery drivers of Affinity who were employed within the State of California. Plaintiff alleges that Affinity has failed to pay these drivers: (i) employee benefits as required by California state law and (ii) overtime and other wages in violation of California state law.

3.      Plaintiff's claims stem from defendant's improper classification of its delivery drivers as independent contractors rather than employees.

4.      This case involves two classes:  All current and former delivery drivers employed by Affinity at any time between May 18, 2003 and the date of the resolution of this Complaint (the "Class").

5.      The second class is defined as follows:  All current and former delivery drivers employed by Affinity within the State of California at any time between May 18, 2001, and the date of the resolution of this Complaint (the "Subclass").

## THE PARTIES

6.      Plaintiff Fernando Ruiz is a resident of the State of California.  From November 2003 until approximately October 2004, plaintiff was employed as a delivery driver by Affinity.

7.      Defendant Affinity is a Georgia corporation; maintains its principle place of business at 533 Johnson Ferry Road, Building D, Suite 400, Marietta, Georgia 30068; and provides residential delivery services and logistics support to home furnishing retailers across the country.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the claims asserted in the action pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. § 216(b), and 29 U.S.C.§ 1132(e)(1).

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of defendant's activity, including the failure to pay overtime and benefits, occurred in this district and because Affinity resides within this district.

## FACTS

10.      Beginning on approximately May 4, 2001, plaintiff Ruiz worked as a truck driver for Penske Corporation.  Mr. Ruiz's principle responsibility was to deliver appliances exclusively for Sears, and he did so until Penske went out of business on approximately November 8, 2004.

11.      After Penske ceased doing business, Affinity approached Ruiz and, upon information and belief, all of the other former Penske drivers, and asked them if they wanted to drive for Affinity. As Affinity drivers, Ruiz and the others would perform the same work that they performed while employed by Penske.

12.   At Penske, Ruiz was classified as an employee; at Affinity, Ruiz was classified as an independent contractor.

13.   Prior to commencing work for Affinity, the company required all delivery drivers to fill out a form stating that they were legal residents of the United States and that they could be legally employed in the United States.

14.   Affinity also gave the delivery drivers a complete physical (including a drug test) and ran a complete background investigation (including a credit check).

15.   After a prospective driver proved that he was a legal resident and passed the physical examination and background check, Affinity required the applicant to sign an Independent Truckman's Agreement (the "Agreement"). The Agreement stated that the delivery driver would drive exclusively for Affinity and described how he would be compensated.

16.   Although the Agreement stated that it would be in effect for just one year, it simultaneously stated that it would remain in effect from year-to-year until the parties agreed to terminate it.

17.   Each party had the right to terminate the Agreement upon mutual consent at any time. If Affinity terminated the Agreement without cause, it had the right, at its option, to transfer the driver to another location.

18.   With respect to equipment, Affinity provided plaintiff with a truck with a "Ryder" logo on it. Neither Ruiz nor any other drivers were required to review or sign any agreement regarding the Ryder truck. Upon information and belief, Affinity leased its trucks from Ryder.

19.   Affinity did, however, require each and every driver to execute an Equipment Lease Agreement (the "Lease"). Under the Lease, the delivery driver agreed to provide Affinity with a delivery vehicle.

20.   Pursuant to the Lease, the delivery driver would lease to Affinity the Ryder truck that Affinity had secured for the delivery driver.

21.   At the end of each day, Ruiz was required to leave the delivery truck in Affinity's possession or control. Ruiz could not take the delivery truck home, use it for personal reasons or store the truck at another location.

3

22.     Affinity was responsible for ensuring that the delivery trucks were serviced and maintained.  Ruiz and the other drivers were not charged for service repairs on their trucks

23.     In addition to providing the Ryder delivery truck, Affinity also provided Ruiz and the Class with all the tools and equipment that they needed, including protective moving pads, to deliver the merchandise.

24.     Affinity required Ruiz and every other Class member to prepare and file a fictitious business name statement.

25.     Affinity prohibited Ruiz and every other member of the Class from putting their fictitious business name on the Ryder truck.

26.     Affinity also prohibited its drivers from wearing a uniform with their business name on it.  Instead, Affinity required each delivery driver to hold himself out to the customer as if he worked for the company for which he was making deliveries.  For example, plaintiff Ruiz delivered for Sears.  Affinity gave plaintiff a uniform with the name "Sears" embossed on it and required plaintiff to identify himself as a Sears employee.

27.     Plaintiff also was not allowed to identify himself by his independent corporation when contacting a customer.  If a driver or deliveryman failed to wear his uniform or identified himself as working for anyone other than Sears, Affinity would dock the driver's pay.

28.     Affinity required its drivers to report to work at 6:00 a.m., six days per week.

29.     Affinity also controlled when and how its drivers worked.  For example, if a driver wanted to take a day off, the driver had to ask permission from Affinity.  In November 2004, plaintiff Ruiz asked for two days off.  Affinity's Manager denied the request and allowed plaintiff only one day off, on the date the Manager chose.  The Manager threatened to terminate plaintiff's contract if he did not agree to take off the assigned day, and only the assigned day.

30.     Plaintiff and the Class were paid weekly by Affinity.  Affinity compensated its drivers based on the amount of deliveries they made.

31.     Affinity provided a financial incentive for its driver's to make their deliveries in the shortest amount of time.  Conversely, if a driver took too long to make his deliveries, Affinity would

4

1  dock the driver's pay. At the end of each day, Affinity required its drivers to furnish Affinity with
2  a time sheet and manifest log.

3      32.    Affinity also controlled how profitable its drivers would be by assigning delivery
4  routes based on each driver's past performance. If a driver had a history of making a large number
5  of deliveries in a short amount of time, that driver would be assigned the more profitable routes.
6  Drivers that performed poorly were assigned the less profitable routes.

7      33.    Upon arriving at work, plaintiff Ruiz and the other members of the Class were handed
8  a written manifest by an Affinity manager. The manifest would identify the customer name, address
9  and product(s) to be delivered. The manifest also would establish the order of the deliveries.
10  Plaintiff and the Class were not to deviate from the established schedule. If a driver deviated from
11  the route set by Affinity, the company would dock the driver's pay.

12      34.    At the warehouse where plaintiff Ruiz reported to work each morning, Affinity
13  assigned a mailbox to each driver. Affinity used the mailboxes to provide messages to its drivers.

14      35.    Affinity required that each truck be manned with one driver and one assistant.
15  Affinity directed its drivers to pay their assistants a flat fee of $100 per day.

16      36.    Affinity controlled the hiring of assistants. Affinity screened and performed a
17  background check on all applicants (and subsequently deducted the cost of this background check
18  from the paychecks of its drivers). If Affinity did not like the way an assistant looked or performed,
19  Affinity would direct the driver to fire the assistant.

20      37.    Inconsistent with the notion of independent contractor status, Affinity also required
21  that its delivery drivers perform the deliveries themselves; that is, the drivers could not subcontract
22  their deliveries to third parties.

23      38.    Affinity also had the ability to require its delivery drivers to undertake responsibilities
24  other than delivering appliances. For example, Affinity could and did require plaintiff Ruiz and the
25  other members of the Class to train new drivers.

26      39.    As a condition of employment, Affinity demanded that its drivers carry workers
27  compensation insurance for themselves and their assistants. Affinity set up the worker's
28  compensation program, then deducted the premiums from the drivers' paychecks.

5

40.     Affinity deducted other expenses from its drivers' paychecks.  These expenses included the lease payment for the delivery truck, individual insurance, cellular telephone calls made from an Affinity provided cellular telephone, performance bond costs, uniform costs and vehicle insurance.

41.     Affinity did not withhold income taxes or any other taxes.  Each year, Affinity provided plaintiff Ruiz and the other members of the Class with a Form-1099.

42.     From time to time, Affinity would ask a driver to be  "on standby."  If the driver refused, he would be docked $150.  If the driver accepted standby, was called, but did not respond, he would be docked $250.

43.     Plaintiff and the other members of the Class were not allowed to work for any other company while they were under contract with Affinity.

44.     Affinity had the right and controlled the means by which its drivers performed their work.  Based on Affinity's authority and control over its delivery drivers, plaintiff and the Class of delivery drivers were improperly classified as independent contractors rather than employees.

## CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this action as a collective action under 29 U.S.C. Section 216(b) and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

      a.     The Class is defined as "All current and former delivery drivers employed by Affinity at any time between May 18, 2003, and the date of the resolution of this Complaint."

      b.     The Subclass is defined as:  "All current and former delivery drivers employed by Affinity who were employed within the State of California at any time between May 18, 2001, and the date of the resolution of this Complaint."

6

47.     Upon information and belief, Affinity employs hundreds of delivery drivers throughout the United States.  With hundreds of delivery drivers geographically dispersed, joinder of all Class members is impracticable.

48.     Upon information and belief, Affinity employs approximately one-hundred delivery drivers in California.  With approximately one-hundred delivery drivers geographically dispersed throughout California, joinder of all Subclass members is impracticable.

49.     All Affinity drivers share a common legal grievance against Affinity.  As described in this Complaint, all drivers have suffered damages arising out of Affinity's improper classification of them as independent contractors.

50.     Questions of law and fact are common to all Affinity drivers, making them all similarly situated.  Among the common questions of law and fact are the following:

      a.     Whether Affinity's drivers are employees;

      b.     Whether Affinity unlawfully failed to pay overtime wages and other state law compensation to its drivers in violation of the FLSA;

      c.     Whether Affinity willfully violated the FLSA;

      d.     Whether Affinity failed to pay its drivers common law benefits; and

      e.     The proper measure of damages sustained by plaintiff and all other similarly situated delivery drivers.

51.     The names and addresses and other contact information of the individual Class and Subclass members can be found in the records maintained by Affinity.

52.     A class action is superior to other methods for the fair and efficient adjudication of the claims asserted here, and no unusual difficulties are likely to be encountered in the management of this class action.  The likelihood of individual Class or Subclass members prosecuting separate claims is remote.

53.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.

7

54.     The claims of the plaintiff are typical of the claims of other members of the Class and Subclass, and plaintiff has the same interests as the other members of the Class and Subclass.  A class action is superior to any other type of adjudication of this controversy.

## FIRST CAUSE OF ACTION
### (Violation of the FLSA, 29 U.S.C. § 201 et. seq., on behalf of the Class)

55.     Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

56.     Plaintiff and all other members of the Class are employees of Affinity.  As employees of Affinity, the FLSA required and continues to require that Affinity pay plaintiff and the Class overtime at the rate of one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

57.     Plaintiff and all other members of the Class worked in excess of forty (40) hours per week without receiving the appropriate amount of overtime pay.

58.     Plaintiff and all other members of the Class were frequently required to restrict their personal activities and be specifically available to respond to the needs of Affinity while "on standby."  They were entitled to be paid for these activities and failed to receive the appropriate amount of pay.

59.     Plaintiffs and all other members of the Class have been damaged by Affinity's failure to pay them their required wages and they request compensatory damages in an amount to be determined by a jury.

## SECOND CAUSE OF ACTION
### (Violation of State Wage Laws on behalf of the Subclass)

60.     Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

61.     Plaintiff and the Subclass are or were employees of Affinity who were required by California law to be paid one and one-half times their hourly rate of pay for all hours worked in excess of forty hours in one week, eight hours in one day, or on seven consecutive days.  Affinity was required to pay plaintiff and the Subclass double-time for all hours worked in excess of twelve hours in one day or eight hours on the seventh consecutive day.

62.     Plaintiff and the Subclass worked in excess of forty hours in one week, eight hours in one day, and on seven consecutive days without receiving the appropriate amount of overtime pay. Additionally, some delivery drivers worked in excess of twelve hours in one day or eight hours on the seventh consecutive day without receiving the appropriate amount of overtime pay.

63.     Plaintiff and the Subclass were frequently required to work "off the clock." Plaintiffs and the class were entitled to a 10-minute paid break for every four hours they worked.  For every 10-minute break that plaintiff and the Subclass were forced to forego, they were entitled to, at least, one hour of pay at their regular rate.

64.     Plaintiff and the Subclass were frequently forced to work through their 10-minute breaks without receiving the appropriate amount of pay.

65.     For every five-hour shift plaintiff and the Subclass worked, they were entitled to a one-half hour meal break in which they were not required to do any work.  If plaintiff and the Subclass were asked to do work during their one-half hour meal break, they were entitled to, at least, one hour of pay at their regular rate.

66.     Plaintiff and the Subclass were frequently forced to work during their one-half hour meal break without receiving the appropriate amount of pay.

67.     Plaintiff and the Subclass have been damaged by defendant's failure to pay them their required wages and they request compensatory damages in an amount to be determined by a jury.

### THIRD CAUSE OF ACTION
**(Failure to Pay Wages on behalf of the Subclass)**

68.     Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

69.     Plaintiff and the Subclass are or were employees of Affinity.  As such, they were entitled to vacation pay, holiday pay, sick pay, jury duty pay, bonuses, severance pay and any other compensation provided to Affinity's employees.

70.     Affinity failed to pay plaintiff and the Subclass their wages, including vacation pay, holiday pay, sick pay, jury duty pay, bonuses, severance pay and any other compensation provided to Affinity's employees.

71.   As a result of Affinity's conduct, plaintiff and the Subclass have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violations of the Labor Code on behalf of the Subclass)

72.   Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

73.   As employees of Affinity, Affinity was not permitted to charge plaintiff and the Subclass for worker's compensation insurance coverage and certain other deductions.

74.   Affinity charged plaintiff and the Subclass for their worker's compensation insurance coverage and certain other deductions.

75.   Affinity made unlawful deductions from the paychecks of plaintiff and the Subclass in violation of the Labor Code.

76.   As a result of Affinity's conduct, plaintiff and the Subclass have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Unfair Business Practices on behalf of the Subclass)

77.   Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

78.   "Unfair" means an act that offends public policy, and/or is immoral, unethical, oppressive, or unscrupulous and which causes substantial injuries to others even if it does not violate a specific law.

79.   Affinity's actions were unfair in that it wrongfully classified the Subclass as exempt from the provisions of California's overtime compensation laws, unjustly refused to pay plaintiff and the Subclass for all hours worked and for all wages owed, and made unlawful deductions from the paychecks of plaintiff and the Subclass.

80.   Affinity's unfair conduct described above constituted a business practice.

81.   Plaintiffs and the other Class Members are entitled to restitution, disgorgement of profits and other equitable relief as a result of Affinity's unfair business practices.

10

### SIXTH CAUSE OF ACTION
#### (Violations of ERISA on behalf of the Class)

82.     Plaintiff hereby gives notice that he will seek leave to amend the Complaint following exhaustion of any necessary administrative remedies to assert claims, on behalf of himself and the Class, for Affinity's wrongful exclusion of the Class from its 401(k) and other benefit plans subject to ERISA.

83.     Plaintiffs are making a claim under the Affinity's benefit plan(s), and will later move the Court for leave to amend the Complaint to assert any claims which theoretically, although erroneously, may be purported by Affinity to require exhaustion of administrative remedies.

WHEREFORE, plaintiff Fernando Ruiz demands judgment against defendant Affinity as follows:

A.     for an Order certifying this case a class action and appointing plaintiff as class representative;

B.     for judgment against defendant Affinity in an amount to be determined at trial;

C.     for an order of injunction preventing defendant from continuing to treat its delivery drivers as independent contractors and violating the state and federal laws as described above;

D     for an award of costs and expenses of this litigation including reasonable attorneys', accountants' and experts' fees and other costs and disbursements; and

E.     granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
　　　　May 12, 2005

BEATIE AND OSBORN LLP


Daniel Osborn
Daniel A. Osborn
521 Fifth Avenue, 34th Floor
New York, New York 10175
Telephone:　　(212) 888-9000
Facsimile:　　(212) 888-9664

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ELIC ANBAR
Elic Anbar (CSB No. 122979)
11770 Bernardo Plaza Court, Suite 453
San Diego, California 92128
Telephone:     (858) 521-1160
Facsimile:     (858) 521-0884

Attorneys for Plaintiff

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

FERNANDO RUIZ, individually and on behalf of all others similarly situated

## DEFENDANTS

AFFINITYLOGISTICS CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

San Diego

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   Alameda

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BEATIE AND OSBORN LLP, 521 Fifth Avenue, 34th Floor, New York, New York 10175, (212) 888-9000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of the FLSA, 29 U.S.C. § 201 et. seq., on behalf of the Class; Violation of State Wage Laws; Failure to Pay Wages, Violations of the Labor Code and Unfair Business Practices on behalf of the Subclass

## VII. REQUESTED IN COMPLAINT: ☑ CHECK IF THIS IS A CLASS ACTION

UNDER F.R.C.P. 23

DEMAND $ ☐ CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   16 May 2005

SIGNATURE OF ATTORNEY OF RECORD   Daniel A. Osborn

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

### E-filing



FERNANDO RUIZ, individually and on behalf of
all others similarly situated

**v.**

AFFINITYLOGISTICS CORPORATION

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

C05-02015 JCS

TO: (Name and address of defendant)

AFFINITYLOGISTICS CORPORATION
533 Johnson Ferry Road
Building D, Suite 400
Marietta, Georgia 30068



**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BEATIE AND OSBORN LLP
521 Fifth Avenue, 34th Floor
New York, New York 10175

an answer to the complaint which is herewith served upon you, within  20  days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

CYNTHIA LENAHAN

(BY) DEPUTY CLERK

MAY 17 2005
DATE

DUPLICATE ** DUPLICATE ** DUPLICATE

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the

NORTHERN DISTRICT OF
CALIFORNIA

SAN FRANCISCO, CA

3374241
------------------------------------------
RECEIVED FROM:
SCOPELITIS,GARVIN,LIGHT
& HANSON
10 W MARKET STREET SUITE 1500
INDIANAPOLIS, IN 46204
------------------------------------------
Case Number:

3:05CV02015JSW
------------------------------------------
F/U/B/0:

Party ID:

Tender Type:        CHECK

05-6855XX            $420.00

Pro Hac Vice 6855XX

Remarks:76276-james h
        hanson;daniel r barney
------------------------------------------
    Subtotal:        $420.00

------------------------------------------

Receipt Total:        $420.00
==========================================
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.
** Balance does not reflect other
receipts posted on the same
business day.

    Date:     / 7/11/05
    Clerk: ------------------------------
                    HLD
DUPLICATE ** DUPLICATE ** DUPLICATE



Cle__ Use nly
Initial for fee pd.:
_____

**FILED**

**UNITED STATES DISTRICT COURT**

05 JUL 11  AM 10: 02

**NORTHERN DISTRICT OF CALIFORNIA**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RUIZ,

              Plaintiff(s),

          v.

AFFINITY LOGISTICS CORP.

              Defendant(s).     /

CASE NO. CV05-02015 JSW

**APPLICATION FOR
ADMISSION OF ATTORNEY
*PRO HAC VICE***

    Pursuant to Civil L.R. 11-3,  James H. Hanson                , an active member in good standing of the bar of Indiana_____, hereby applies for admission to practice in the Northern District of California on a *pro hac vice* basis representing Affinity Logistics Corp._____  in the above-entitled action.

    In support of this application, I certify on oath that:

1.    I am an active member in good standing of a United States Court or of the highest court of another State or the District of Columbia, as indicated above;

2.    I agree to abide by the Standards of Professional Conduct set forth in Civil Local Rule 11-4, to comply with General Order No. 45, Electronic Case Filing  and to become familiar with the Local Rules and the Alternative Dispute Resolution program of this Court; and,

3.    An attorney who is a member of the bar of this Court in good standing and who maintains an office within the State of California has been designated as co-counsel in the above-entitled action.  The name, address and telephone number of that attorney is:

Kathleen C. Jeffries, Cal. Bar No. 110362_____

Law Offices of Kathleen C. Jeffries_____

790 E. Colorado Blvd., 9th Floor, Pasadena, CA 91101_____.

I declare under penalty of perjury that the foregoing in true and correct.

Dated:  7·8·05_____

Clerk's Use Only

Initial for fee pd.:

FILED

**UNITED STATES DISTRICT COURT**
05 JUL 11 AM 10: 01
**NORTHERN DISTRICT OF CALIFORNIA**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RUIZ,

           Plaintiff(s),

      v.

AFFINITY LOGISTICS CORP.

          Defendant(s).     /

CASE NO. CV05-02015 JSW

**APPLICATION FOR**
**ADMISSION OF ATTORNEY**
*PRO HAC VICE*

Pursuant to Civil L.R. 11-3, <u>Daniel R. Barney</u>, an active member in good standing of the bar of <u>District of Columbia</u>, hereby applies for admission to practice in the Northern District of California on a *pro hac vice* basis representing <u>Affinity Logistics Corp.</u> in the above-entitled action.

In support of this application, I certify on oath that:

1.     I am an active member in good standing of a United States Court or of the highest court of another State or the District of Columbia, as indicated above;

2.     I agree to abide by the Standards of Professional Conduct set forth in Civil Local Rule 11-4, to comply with General Order No. 45, Electronic Case Filing and to become familiar with the Local Rules and the Alternative Dispute Resolution program of this Court; and,

3.     An attorney who is a member of the bar of this Court in good standing and who maintains an office within the State of California has been designated as co-counsel in the above-entitled action. The name, address and telephone number of that attorney is:

    <u>Kathleen C. Jeffries, Cal. Bar No. 110362</u>

    <u>Law Offices of Kathleen C. Jeffries</u>

    <u>790 E. Colorado Blvd., 9th Floor, Pasadena, CA 91101</u>.

I declare under penalty of perjury that the foregoing in true and correct.

Dated: *July 5, 2005*



FILED

2005 MAY 17 AM 10: 53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RUIZ )
                    )
        Plaintiff(s) )
                    )
    -v-             )    C 05-02015 JCS
                    )
                    )  ORDER SETTING INITIAL CASE MANAGEMENT
AFFINITYLOGISTICS CORP. )  CONFERENCE
        Defendant(s) )
                    )

        IT IS HEREBY ORDERED that this action is assigned to the
Honorable Joseph C. Spero.  When serving the complaint or
notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook
entitled "Dispute Resolution Procedures in the Northern District
of California," the Notice of Assignment to United States Magistrate
Judge for Trial, and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the
Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the
Alternative Dispute Resolution (ADR) Multi-Option Program governed
by ADR Local Rule 3.  Counsel and clients must familiarize themselves
with that rule and with the handbook entitled "Dispute Resolution
Procedures in the Northern District of California."

                CASE SCHEDULE   [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|------|-------|----------------|
| 05/17/2005 | Complaint filed | |
| 08/26/2005 | Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR LR 3-5 |
| 08/26/2005 | Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 09/09/2005 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file/serve Case Management Statement, and file/serve Rule 26(f) Report | FRCivP 26(a)(1) Civil L.R.16-9 |
| 09/16/2005 | Case Management Conference in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

# STANDING ORDER

1.      Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.      Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.  Case Management Conferences will no longer be recorded, unless requested by the parties.

3.      In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties.  The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.      Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691.  All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.      Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L.R. 7-2.  Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b).  In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).  The meeting must be **in person**, except where good cause is

1

Case 3:05-cv-02125-JLS-KSC   Document 1   Filed 11/14/05   Page 33 of 39

1 shown why a telephone meeting is adequate. A declaration setting forth these meet and confer

2 efforts and the final positions of each party shall be included in the moving papers. The Court

3 will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P.

4 37 and Civil L.R. 37-10(a).

5

6     6.    In all "e-filing" cases, when filing papers in connection with any motion for

7 determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

8 chambers a printed copy of the papers by the close of the next court day following the day the

9 papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and**

10 **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

11 **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**

12 **shall not file a paper copy of any document with the Clerk's Office that has already been**

13 **filed electronically.**

14

15     7.    Any proposed stipulation or proposed order in a case subject to electronic filing

16 shall be sent by email to **jcspo@cand.uscourts.gov.** This address is to be used only for

17 proposed orders unless otherwise directed by the Court.

18     IT IS SO ORDERED.

19

20 Dated: February 26, 2003

21

22     JOSEPH C. SPERO
    United States Magistrate Judge

23

24

25

26

27

28

1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7
8              **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**
9
10            This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel
11   by mail.  If counsel wish to be served with documents generated by the Court, they must register for
12   E-filing pursuant to Local Rule 5-4 and General Order 45.
13            IT IS SO ORDERED.
14
15   Dated: May 30, 2003
16
17                                                    JOSEPH C. SPERO
                                                     United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28

<u>APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER</u>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | CASE NO.<br><br>JOINT CASE MANAGEMENT STATEMENT<br>AND PROPOSED ORDER |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

❑    The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)*_____.

❑    The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):*_____.

❑    The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

❑    The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is

_____.

9. Please indicate any other information regarding ADR process or deadline.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

## DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

## TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____

_____
[Typed name and signature of counsel.]

Dated: _____

_____
[Typed name and signature of counsel.]

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

```
        RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
           for the
      NORTHERN DISTRICT OF
          CALIFORNIA

                      OAKLAND, CA
                         4411094
------------------------------------
RECEIVED FROM:
BEATIE AND OSBORN, INC.
521 FIFTH AVENUE, 34TH FLOOR
NEW YORK, NY 10178
------------------------------------

Case Number:
3:05CV02015-JCS
------------------------------------
F/U/B/O:
Party ID:

Tender Type:       CHECK
05-086900                    $60.00
Civil Filing-086900

Remarks:

05-510000                   $190.00
Civil Filing-510000

Remarks:101877

------------------------------------
    Subtotal:              $250.00
------------------------------------
Receipt Total:             $250.00
====================================
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.

   Date:      5/11/05
   Clerk:---------------
              CJL
```

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

November 17, 2005

Daniel A. Osborn
521 Fifth Avenue
34th Floor
New York, NY 10175

Daniel R. Barney
Scopelitis Garvin
Light & Hanson, PC
1850 M St. NW, Suite 280
Washington, DC 20036-5804

RE: Fernando Ruiz vs. Affinity Logistics Corp.

You are here by notified that the above entitled case was on 11/14/05 transferred from the U.S. District Court for the Northern District of California to the U.S. District Court, Southern District of California.  The case will now contain the case number of the Southern District, and  the initial of the assigned Judge. The case has been assigned to the Honorable John S. Rhodes, and on all future  filings please show the case number as 05CV2125-R(NLS).

W. Samuel Hamrick, Jr.
Clerk of Court

By: _____
            J. Petersen, Deputy Clerk

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| | |
|---|---|
| I (a) PLAINTIFFS | DEFENDANTS **'05 CV 2125  R NLS** |
| **Fernando Ruiz** | Affinity Logistics Corporation **FILED** |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED   **NOV 1 4 2005** |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) **Beatie and Osborn LLP** **521 Fifth Ave, 34th Floor** **New York, NY 10175** **212-888-9000** | ATTORNEYS (IF KNOWN)   CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY                          DEPUTY |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|

| | | | | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## Violation of the FLSA, 29 USC § 201 ƒl (☒)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejecment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify) (☒)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES  ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

| DATE   November 15, 2005 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|