1   James H. Hanson, *Pro Hac Vice*
  Ind. Bar No. 08100-49
2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
  10 West Market Street, Suite 1500
3   Indianapolis, IN 46204
  (317) 637-1777
4   Fax:  (317) 687-2414
  jhanson@scopelitis.com
5

6   Daniel R. Barney, *Pro Hac Vice*
  District of Columbia Bar No. 355537
7   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
  1850 M Street, N.W., Suite 280
8   Washington, DC 20036-5804
  (202) 783-9222
9   Fax:  (202) 783-9230
  dbarney@scopelitis.com
10

11   Kathleen C. Jeffries
  Cal. Bar No. 110362
12   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
  2 North Lake Avenue, Suite 460
13   Pasadena, CA 91101
  (626) 795-4700
14   Fax:  (626) 795-4790
  kjeffries@scopelitis.com
15

16   Attorneys for Defendant

17

18             **UNITED STATES DISTRICT COURT**
          **SOUTHERN  DISTRICT OF CALIFORNIA**

19

20   FERNANDO RUIZ,         )      CASE NO. 3:05-CV-2125-JLS/CAB
                       )
21            Plaintiff,     )      AMENDED ANSWER AND
                       )      AFFIRMATIVE DEFENSES
22     vs.                )
                       )      The Honorable Janis L. Sammartino
23   AFFINITY LOGISTICS CORP. )      Courtroom 6, 3rd Floor
                       )
24            Defendant.    )

25       Defendant, Affinity Logistics Corp. ("Affinity Logistics"), by counsel, pursuant to

26 Fed.R.Civ.P. 8(b) and (c), and for its Amended Answer and Affirmative Defenses to Plaintiff's

27 Class Action Complaint ("Complaint"), states as follows:

28

# I.

## ANSWER

### A.

### Nature of the Action

1.      Affinity Logistics admits that Plaintiff is seeking to bring this case as a collective action on behalf of all current and former independent contractor delivery drivers under contract with Affinity Logistics alleging that Affinity Logistics has failed to pay overtime wages to the contractors in violation of the Fair Labor Standards Act, as amended ("FLSA"), but Affinity Logistics denies that this case is proper for a collective action, denies the remaining allegations contained in paragraph 1 of the Complaint, and affirmatively states that the contractors are not entitled to the payment of overtime compensation pursuant to the FLSA because they are independent contractors and that, even if they were reclassified as employees instead of independent contractors, they are exempt from the payment of overtime compensation under the motor carrier exemption to the FLSA, 29 U.S.C. § 213(b)(1).

2.      Affinity Logistics admits that Plaintiff is seeking to bring this case as a class action on behalf of a putative class of all current and former independent contractor delivery drivers under contract with Affinity Logistics in the State of California alleging that Affinity Logistics has failed to pay employee benefits, overtime compensation and other wages to the contractors purportedly as required by and in violation of California state law, but Affinity Logistics denies that this case is properly brought as a class action, denies the remaining allegations contained in paragraph 2 of the Complaint, and affirmatively states that the contractors are not entitled to the payment of employee benefits, overtime compensation and other wages pursuant to California law because they are independent contractors and that, even if they were reclassified as employees instead of independent contractors, they are exempt from the payment of overtime compensation under the motor carrier exemption to the FLSA, 29 U.S.C. § 213(b)(1), and California Industrial Welfare Commission Order ("Cal. I.W.C. Order") No. 9-2001 §3(L), and are not entitled to the benefits otherwise available to Affinity Logistics' employees.

3.      Affinity Logistics admits that Plaintiff's claims arise out of Plaintiff's allegation that Affinity Logistics has improperly classified its contractors as independent contractors rather than employees, but Affinity Logistics denies that it has improperly classified its contractors as independent contractors and denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Affinity Logistics denies that the putative class that Plaintiff seeks to represent meets the requirements for collective action certification under 29 U.S.C. § 216(b) or for class certification under the Federal Rules of Civil Procedure, denies that the collective action and class should be certified and denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Affinity Logistics denies that the putative subclass that Plaintiff seeks to represent meets the requirements for collective action certification under 29 U.S.C. § 216(b) or for class certification under the Federal Rules of Civil Procedure, denies that the collective action and subclass should be certified and denies the remaining allegations contained in paragraph 5 of the Complaint.

**B.**

**The Parties**

6.      Affinity Logistics admits that Plaintiff is a resident of the State of California and that, from approximately November, 2003 until approximately October, 2004, Plaintiff was a contractor for Affinity Logistics, but denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      Affinity Logistics admits that it is a Georgia corporation with its principal office located at 533 Johnson Ferry Road, Building D, Suite 400, Marietta, GA 30068, and that it provides home delivery services to major retailers throughout the United States, but denies the remaining allegations contained in paragraph 7 of the Complaint.

## C.

### Jurisdiction and Venue

8.     Affinity Logistics admits that subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 1132(e)(1), but Affinity Logistics denies that Plaintiff has any valid legal claims against Affinity Logistics.

9.     Affinity Logistics admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), but denies that a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of California.  Affinity Logistics affirmatively states that a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of California and that, for the convenience of the parties and witnesses and in the interests of justice, this case should be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a).  Affinity Logistics denies the remaining allegations contains in paragraph 9 of the Complaint.

## D.

### Facts

10.     Upon information and belief, Affinity Logistics admits that from sometime in 2001 until approximately November, 2003, Plaintiff worked as a driver for Penske Logistics and that Plaintiff's primary responsibility for Penske Logistics was to deliver appliances for Sears Logistics Services, Inc. ("SLS"), but Affinity Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11.     Affinity Logistics admits that, sometime after SLS notified Penske Logistics that it was losing its business with SLS, Affinity Logistics contacted the drivers that were still employed by Penske Logistics, including Plaintiff, to see if they wanted to contract with Affinity Logistics to deliver appliances for SLS as independent contractors, but Affinity Logistics denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Upon information and belief, Affinity Logistics admits that Plaintiff worked for Penske Logistics as an employee driver and Plaintiff worked as and was classified as an independent contractor providing delivery services to Affinity Logistics, but Affinity Logistics denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Affinity Logistics admits that, as part of the qualification process in order to contract with Affinity Logistics, it required the contractors to be legal residents of and authorized to work in the United States, but Affinity Logistics denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Affinity Logistics admits that, as part of the qualification process for drivers as required by the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. § 391, Affinity Logistics required its contractors to complete a U.S. Department of Transportation ("DOT") physical and a drug test and that Affinity Logistics ran background investigations on its contractors and their helpers pursuant to the FMCSR and SLS requirements, which were paid for by the contractors, but Affinity Logistics denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Affinity Logistics admits that, after completing the qualification process, Affinity Logistics and the contractor entered into, among other things, an Independent Truckman's Agreement ("ITA"), but denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Affinity Logistics admits that the ITA stated that it would be in effect for one year and would remain in effect from year-to-year thereafter unless sooner terminated in accordance with the provisions of the ITA, but Affinity Logistics denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Affinity Logistics admits that the ITA provides that it could be terminated at any time by mutual consent of the parties and that, if Affinity Logistics terminated the ITA without cause upon 60 days advance written notice, Affinity Logistics, at its option, could transfer the contractor to another location being serviced by Affinity Logistics, but Affinity Logistics denies the remaining allegations contained in paragraph 17 of the Complaint.

3:05-CV-2125

18.     Affinity Logistics admits that Plaintiff subleased equipment with a "Ryder" logo on it and that Affinity Logistics leased some of its equipment from Ryder, but Affinity Logistics denies the remaining allegations contained in paragraph 18 of the Complaint and affirmatively states that contractors were free to secure the equipment needed to provide the delivery services from any source.

19.     Affinity Logistics admits that, after completing the qualification process, Affinity Logistics and the contractors entered into an equipment lease agreement (the "Lease Agreement") pursuant to which the contractor leased equipment, with driver, to Affinity Logistics in order to provide delivery services to Affinity Logistics on behalf of SLS to SLS customers, but Affinity Logistics denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Affinity Logistics admits some contractors lease to Affinity Logistics the equipment Affinity Logistics leased from Ryder, but Affinity Logistics denies that all contractors lease their equipment from Ryder and denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Affinity Logistics denies the allegations contained in paragraph 21 of the Complaint.

22.     Affinity Logistics denies the allegations contained in paragraph 22 of the Complaint.

23.     Affinity Logistics denies the allegations contained in paragraph 23 of the Complaint.

24.     Affinity Logistics admits the allegations contained in paragraph 24 of the Complaint.

25.     Affinity Logistics denies the allegations contained in paragraph 25 of the Complaint.

26.     Affinity Logistics admits that it provided Plaintiff with and charged back the cost to Plaintiff of uniforms with the name "Sears" embossed on it, but Affinity Logistics denies the remaining allegations contained in paragraph 26 of the Complaint.

27.   Affinity Logistics denies the allegations contained in paragraph 27 of the Complaint.

28.   Affinity Logistics denies the allegations contained in paragraph 28 of the Complaint.

29.   Affinity Logistics denies the allegations contained in paragraph 29 of the Complaint.

30.   Affinity Logistics admits that settlements were completed on a weekly basis with the contractors, that settlement checks were issued on a weekly basis to the contractors, and that the contractors were generally paid based on the number of deliveries that were made by them, but Affinity Logistics denies the remaining allegations contained in paragraph 30 of the Complaint.

31.   Affinity Logistics denies the allegations contained in paragraph 31 of the Complaint.

32.   Affinity Logistics denies the allegations contained in paragraph 32 of the Complaint.

33.   Affinity Logistics admits that the contractors were provided each morning with a written SLS manifest identifying, among other things, the customer name, address and products to be delivered and the schedule of deliveries to be made for the day with the times that SLS had arranged with its customers, but Affinity Logistics denies the remaining allegations contained in paragraph 33 of the Complaint.

34.   Affinity Logistics admits that a mailbox was provided to each contractor, which was used for the contractor's paperwork and to provide messages to the contractors, but Affinity Logistics denies the remaining allegations contained in paragraph 34 of the Complaint.

35.   Affinity Logistics denies the allegations contained in paragraph 35 of the Complaint.

36.   Affinity Logistics admits that background checks were performed on all contractors and their drivers and helpers in accordance with SLS requirements, but Affinity Logistics denies the remaining allegations contained in paragraph 36 of the Complaint.

3:05-CV-2125

37.     Affinity Logistics denies the allegations contained in paragraph 37 of the Complaint.

38.     Affinity Logistics denies the allegations contained in paragraph 38 of the Complaint.

39.     Affinity Logistics admits that Affinity Logistics requires its contractors to carry worker' compensation insurance for the contractors' drivers and helpers and that, if a contractor signed up for workers' compensation insurance made available by Affinity Logistics for the contractor's drivers and helpers, Affinity Logistics would deduct the cost of the workers' compensation insurance from the contractor's settlements, but Affinity Logistics denies that the contractors themselves were covered by the workers' compensation insurance policy and the remaining allegations contained in paragraph 39 of the Complaint.

40.     Affinity Logistics admits that certain deductions were made in accordance with the Lease Agreement from the contractors' settlements for expenses, but Affinity Logistics denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Affinity Logistics admits the allegations contained in paragraph 41 of the Complaint.

42.     Affinity Logistics admits that it would, on occasion, ask contractors to be on standby in case another truck was needed to make deliveries, but Affinity Logistics denies the remaining allegations contained in paragraph 42 of the Complaint.

43.     Affinity Logistics denies the allegations contained in paragraph 43 of the Complaint.

44.     Affinity Logistics denies the allegations contained in paragraph 44 of the Complaint.

**E.**

**Class Action and Collective Action Allegations**

45.     Affinity Logistics admits that Plaintiff is seeking to bring this action as a collective action under 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. 23, but

Affinity Logistics denies that this case is appropriate to be certified as a collective action under 29 U.S.C. § 216(b) or as a class action pursuant to Fed.R.Civ.P. 23 and further denies the remaining allegations contained in paragraph 45 of the Complaint.

46.    Affinity Logistics admits that Plaintiff seeks to represent a putative class of contractors, but Affinity Logistics denies that Plaintiff, either individually or as a member of a putative class, is entitled to the relief sought in the Complaint, that Plaintiff and the putative class meet the requirements for collective action under 29 U.S.C. § 216(b) or class action certification under Fed.R.Civ.P. 23 and further denies the remaining allegations contained in paragraph 46 of the Complaint.

47.    Affinity Logistics denies the allegations contained in paragraph 47 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that the collective action or class should not be certified.

48.    Affinity Logistics denies the allegations contained in paragraph 48 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that neither the collective action nor the class should be certified.

49.    Affinity Logistics denies the allegations contained in paragraph 49 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that neither the collective action nor the class should be certified.

50.    Affinity Logistics denies the allegations contained in paragraph 50 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that neither the collective action nor the class should be certified.

51.    Affinity Logistics admits that it has information regarding its contractors, but Affinity Logistics denies that Plaintiff and the putative class meet the requirements for collective

or class certification, that the collective action and class should be certified and further denies the remaining allegations contained in paragraph 51 of the Complaint.

52.    Affinity Logistics denies the allegations contained in paragraph 52 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that neither the collective action nor the class should be certified.

53.    Affinity Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies the same.

54.    Affinity Logistics denies the allegations contained in paragraph 54 of the Complaint and affirmatively states that Plaintiff and the putative class do not meet the requirements of a collective action under 29 U.S.C. § 216(b) or of class certification under Fed.R.Civ.P. 23 and that neither the collective action nor the class should be certified.

**F.**

**First Cause of Action**

55.    For its answer to paragraph 54, Affinity Logistics incorporates by reference its answer to paragraphs 1-54 of the Complaint.

56.    Affinity Logistics denies the allegations contained in paragraph 56 of the Complaint. Affinity Logistics further states that the contractors, as independent contractors, are not entitled to the payment of overtime compensation under the FLSA and that, regardless of their status as employees or independent contractors, they are exempt from the payment of overtime under the motor carrier exemption of the FLSA, 29 U.S.C. § 213(b)(1).

57.    Affinity Logistics denies the allegations contained in paragraph 57 of the Complaint.

58.    Affinity Logistics denies the allegations contained in paragraph 58 of the Complaint.

59.    Affinity Logistics denies the allegations contained in paragraph 59 of the Complaint.

## G.

## Second Cause of Action

60.     For its answer to paragraph 60, Affinity Logistics incorporates by reference its answer to paragraphs 1-59 of the Complaint.

61.     Affinity Logistics denies the allegations contained in paragraph 61 of the Complaint.  Affinity Logistics further states that the contractors, as independent contractors, are not entitled to the payment of overtime compensation under the FLSA and that, regardless of their status as employees or independent contractors, they are exempt from the payment of overtime under the motor carrier exemption of the FLSA, 29 U.S.C. § 213(b)(1) and Cal. I.W.C. Order No. 9-2001 § 3(L).

62.     Affinity Logistics denies the allegations contained in paragraph 62 of the Complaint.

63.     Affinity Logistics denies the allegations contained in paragraph 63 of the Complaint.

64.     Affinity Logistics denies the allegations contained in paragraph 64 of the Complaint.

65.     Affinity Logistics denies the allegations contained in paragraph 65 of the Complaint.

66.     Affinity Logistics denies the allegations contained in paragraph 66 of the Complaint.

67.     Affinity Logistics denies the allegations contained in paragraph 67 of the Complaint.

## H.

## Third Cause of Action

68.     For its answer to paragraph 68, Affinity Logistics incorporates by reference its answer to paragraphs 1-67 of the Complaint.

69.     Affinity Logistics denies the allegations contained in paragraph 69 of the Complaint.

70.    Affinity Logistics admits that it did not pay Plaintiff and the purported subclass wages, including vacation pay, holiday pay, sick pay, jury duty pay, bonuses, severance pay and other compensation otherwise provided to Affinity Logistics' employees, denies the remaining allegations contained in paragraph 70 of the Complaint, and further states that the contractors were neither entitled to nor eligible for such compensation.

71.    Affinity Logistics denies the allegations contained in paragraph 71 of the Complaint.

## I.

## Fourth Cause of Action

72.    For its answer to paragraph 72, Affinity Logistics incorporates by reference its answer to paragraphs 1-71 of the Complaint.

73.    The allegations of paragraph 73 are assertions of law to which no answer is required.  To the extent that an answer is required, Affinity Logistics denies the allegations contained in paragraph 73 of the Complaint.

74.    Affinity Logistics denies the allegations contained in paragraph 74 of the Complaint.

75.    Affinity Logistics denies the allegations contained in paragraph 75 of the Complaint.

76.    Affinity Logistics denies the allegations contained in paragraph 76 of the Complaint.

## J.

## Fifth Cause of Action

77.    For its answer to paragraph 77, Affinity Logistics incorporates by reference its answer to paragraphs 1-76 of the Complaint.

78.    The allegations of paragraph 78 are assertions of law to which no answer is required.  To the extent a response is required, Affinity Logistics denies the allegations contained in paragraph 78 of the Complaint.

79.    Affinity Logistics denies the allegations contained in paragraph 79 of the Complaint.

80.    Affinity Logistics denies the allegations contained in paragraph 80 of the Complaint.

81.    Affinity Logistics denies the allegations contained in paragraph 81 of the Complaint.

### K.

### Sixth Cause of Action

82.    For its answer to paragraph 82, Affinity Logistics incorporates by reference its answer to paragraphs 1-81 of the Complaint.

83.    Affinity Logistics denies the allegations contained in paragraph 83 of the Complaint.

84.    Affinity Logistics denies each and every allegation contained in the Complaint except those admitted herein as being true.

WHEREFORE, Affinity Logistics respectfully requests that Plaintiff take nothing by the Complaint, that judgment be entered in favor of Affinity Logistics, for costs of this action, and for all other necessary and proper relief.

### II.

### AFFIRMATIVE DEFENSES

1.    As an independent contractor, Plaintiff is not entitled to any of the relief requested.

2.    Plaintiff was exempt from the payment of overtime under federal law under the motor carrier exemption to the Fair Labor Standards Act, 29 U.S.C. § 213(b)(1) and under state law under Cal. I.W.C. Order No. 9-2001 § 3(L).

3.    Plaintiff has failed to state a claim upon which relief can be granted as to the Sixth Cause of Action because Plaintiff has not identified a specific violation of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

4.     Plaintiff and the purported collective action or class claimants have waived any claims and should be estopped from asserting claims that they may have against Affinity Logistics to the extent they have continued doing business with Affinity Logistics.

5.     Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

6.     Some or all of Plaintiff's claims may be barred by the doctrine of laches.

7.     Some or all of Plaintiff's claims may be barred by the doctrine of payment.

8.     Some or all of Plaintiff's claims may be reduced by the doctrine of set off.

9.     Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

10.     Affinity Logistics will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

11.     Some or all of Plaintiff's claims are barred to the extent those claims are preempted by federal statutes and regulations applicable to interstate motor carriers and their drivers in violation of the Supremacy Clause of the U.S. Constitution and are therefore a burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution. Specifically, Plaintiff's state law meal and rest break claims are preempted by the Federal Aviation Administration Authorization Act of 1994 and by the hours of service regulations of the Federal Motor Carrier Safety Administration of the U.S. Department of Transportation and are an undue burden on interstate commerce, and Plaintiff's state law claim for reimbursement of Self-Employment Contributions Act or Federal Income Contribution Act taxes is preempted by Internal Revenue Service regulations.

WHEREFORE, Affinity Logistics respectfully requests that Plaintiff take nothing by the Complaint, that judgment be entered in favor of Affinity Logistics, for costs of this action, and for all other necessary and proper relief.

Respectfully submitted,

/s/ James H. Hanson
James H. Hanson
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2009, copy of the foregoing was filed electronically. Notice of this filing will be sent to Daniel A. Osborn at dosborn@bandolaw.com by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that a copy of the foregoing was served upon Mr. Elic Anbar, 11770 Bernardo Plaza Court, Suite 453, San Diego, CA 92128, by first-class, U.S. mail, postage prepaid, this 2nd day of February, 2009.

/s/ James H. Hanson
James H. Hanson

c:\jscrub docs\~radf6024.tmp.doc