James H. Hanson, *Pro Hac Vice*
jhanson@scopelitis.com
Ind. Bar No. 08100-49
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Daniel R. Barney, *Pro Hac Vice*
dbarney@scopelitis.com
District of Columbia Bar No. 355537
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PC
1850 M Street, N.W., Suite 280
Washington, DC 20036-5804
(202) 783-9222
Fax: (202) 783-9230

Kathleen C. Jeffries
kjeffries@scopelitis.com
Cal. Bar No. 110362
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO RUIZ, | CASE NO. 3:05-CV-2125-JLS/CAB |
| Plaintiff, | SUPPLEMENTAL STATEMENT OF DEFENDANT, AFFINITY LOGISTICS CORP., REGARDING THE SCOPE OF JANUARY 28, 2009 CLASS CERTIFICATION ORDER |
| vs. | |
| AFFINITY LOGISTICS CORP., | |
| Defendant. | |

Defendant, Affinity Logistics Corp., by counsel, respectfully submits the following supplemental statement regarding the scope of this Court's January 28, 2009 Order granting in part and denying in part Plaintiff's Motion for Class Certification (the "Certification Order").

1.       Since this Court issued the Certification Order, a disagreement has arisen between Plaintiff and Defendant regarding the scope of the Certification Order and how that scope will affect the issues to be tried in this case.

2.       The Certification Order certified a class for the sole issue of determining whether class members should have been classified as employees instead of independent contractors. This Court, however, declined to certify any of Plaintiff's substantive claims for recovery, which alleged entitlement to (1) compensation for missed meal and rest breaks, (2) employee benefits, such as compensated vacation, holidays, and sick pay, (3) reimbursement of employment expenses, and (4) relief due to unfair business practices.

3.       In issuing the Certification Order, this Court found that Plaintiff had failed to carry his burden of demonstrating that common issues predominated over issues affecting individual class members with respect to his substantive claims and therefore denied Plaintiff's request for class treatment of those claims. Specifically, the Court found that "individual issues associated with establishing liability for missed meal and rest periods" predominated Plaintiff's meal and rest break claim and that "Plaintiff fails to show what common proof is available to litigate this claim." *Certification Order* at 6. Similarly, this Court found that resolving Plaintiff's claim for employee benefits would require an "individualized inquiry into the terms of each driver's agreement with Defendant," rendering that claim "unsuitable for classwide adjudication." *Id.* at 7. With respect to Plaintiff's employment expense reimbursement claim, this Court found that it too was unsuitable for classwide treatment because it would require "individualized factual inquiries into (1) the reasonableness of each driver's expenses, and (2) the adequacy of the higher compensation to cover those expenses." *Id.* Finally, this Court declined Plaintiff's request to certify his unfair business practices claim because proving that claim would require proving the facts giving rise to liability under Plaintiff's other substantive claims, thus rendering the unfair business practices claim unsuitable for class treatment. *Id.* at 8.

4.       Nevertheless, this Court noted that Rule 23(c)(4) "directs that, 'when appropriate, an action may be brought or maintained as a class action with respect to particular issues.'" Certifying a class to determine the defendant's liability, while leaving the class members to

pursue their *individual damages claims*, is a common example of partial certification." *Id.* at 3 (emphasis added). This Court found that certifying a Rule 23(c)(4) class was appropriate with respect to the sole issue of Plaintiff's assertion that he and the absent class had been improperly classified as independent contractors rather than employees. *Id.* at 6. This Court therefore granted partial certification, pursuant to Rule 23(c)(4), related solely to the issue of "whether defendant should have classified the class members as employees, rather than independent contractors." *Id.* at 10. This Court denied Plaintiff's request for certification of his substantive claims and specifically rejected Plaintiff's assumption that prevailing on the "misclassification issue" would result in prevailing on their substantive claims for damages. *Id.* at 6-8.

   5. Defendant respectfully submits, therefore, that the sole issue certified and to be decided at trial on behalf of the class is whether Plaintiff and the absent class should have been classified as employees rather than independent contractors. On this issue, Defendant anticipates that Plaintiff will adduce evidence on behalf of himself and the absent class in an effort to prove this issue.

   6. Plaintiff may also adduce evidence on behalf of himself alone as to the liability and damages elements of his substantive claims for missed meal and rest breaks, employee benefits, employment expense reimbursement, and unfair business practices. Because these claims were not certified, however, Plaintiff's success or failure in proving these substantive claims will neither inure to the benefit of (if successful) nor preclude (if unsuccessful) the substantive claims of the absent class.

   7. Defendant submits that this interpretation of the Certification Order is consistent with this Court's April 29, 2009 Order approving the opt-out notice to be sent to the absent class, which described the sole issue to be adjudicated on behalf of the absent class as whether Defendant "misclassified its delivery drivers in the State of California as independent contractors instead of employees."

   WHEREFORE, Defendant requests confirmation of the following regarding the scope of the Certification Order:

A.  The sole issue for trial of the class is whether Defendant properly classified Plaintiff and the absent class members as independent contractors instead of employees.

B.  The remaining issues for trial relate to liability and damages of Plaintiff's substantive state law claims.

Respectfully submitted,

/s/ James H. Hanson
James H. Hanson

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2009, copy of the foregoing was filed electronically. Notice of this filing will be sent to Daniel A. Osborn at dosborn@bandolaw.com by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I also certify that on June 5, 2009, a copy of the foregoing was served upon Elic Anbar, 11770 Bernardo Plaza Ct., Suite 453, San Diego, CA 92128, by first-class U.S. mail, postage prepaid.

/s/ James H. Hanson
James H. Hanson

H:\Users\bleive\Documents\Affinity\By Ruiz 12458.11\Southern District\Class Cert\Supplemental Statement Re Scope.doc