**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO RUIZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br><br><br>AFFINITY LOGISTICS CORPORATION,<br><br>        Defendant. | CASE NO. 5CV2125 JLS (KSC)<br><br>**ORDER (1) CLARIFYING SCOPE OF PRIOR CERTIFICATION ORDER, (2) PERMITTING PLAINTIFF TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION, (3) GRANTING PLAINTIFF'S LIMITED MOTION FOR DISCOVERY, (4) REFERRING THE CASE TO MAGISTRATE JUDGE CRAWFORD, AND (5) DIRECTING PLAINTIFF TO FILE A PROPOSED NOTICE TO THE CLASS**<br><br>(ECF No. 246) |

Presently before the Court is Defendant's Motion for Limited Discovery. (ECF No. 246.) Also before the Court is the Parties' briefing on Plaintiff's Proposal for Damages Stage of Case. (ECF No. 251–53.)

**BACKGROUND**

This case is a putative class action involving current and former delivery drivers of Affinity Logistics Corporation ("defendant") who allegedly did not receive wages, overtime, and benefits to which they were entitled under federal and California law.

The case arrived in this district by transfer from the Northern District of California on November 14, 2005. After summary judgment rulings by Judge Rhoades and this Court, plaintiff's remaining claims are for the following:

—Violation of state wage laws in the form of skipped meal periods and rest breaks;

—Failure to pay "wages" in the form of vacation pay, holiday pay, sick pay, jury duty pay, bonuses, and severance;

—Violations of the Labor Code by charging plaintiff for workers' compensation insurance and other deductions (i.e., failure to reimburse for reasonable, necessary business expenses);

—An Unfair Business Practices Act claim which incorporates all of the above.

Plaintiff filed the class certification motion on July 14, 2008. (ECF No. 82.) On January 28, 2009, the Court granted in part and denied in part Plaintiff's motion for certification. (ECF No. 105.) The Court certified the issue of "whether defendant should have classified the class members as employees, rather than independent contractors." (*Id.* at 15.) However, the Court denied certification on all other issues, finding that individual issues predominated with respect to entitlement to unpaid meal periods/rest breaks, unpaid employee benefits, inadequate expense reimbursement, and unfair business practices. (*Id.* at 9.) At that time, the Parties' disagreed as to the scope of the certification order and the Court chose to defer resolving that disagreement until the conclusion of the trial on the classwide issue. (*See* ECF Nos. 129, 130, 133.)

After a three-day bench trial, the Court found that Plaintiff and absent class members were properly classified as independent contractors under Georgia law. (ECF No. 186.) On appeal, the Ninth Circuit found that under California's choice of law framework, this Court should have applied California law to determine whether the drivers were classified correctly. *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1325 (9th Cir. 2012). On remand, the Court issued a Memorandum Decision and Order finding that, under California law, Plaintiff and absent class members were properly classified as independent contractors. (ECF No. 216.) Plaintiff once again appealed

the decision, and the Ninth Circuit—concluding that Ruiz and the absent class members were employees—vacated and remanded in a June 16, 2014 opinion. *Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093 (9th Cir. 2014).

**DISCUSSION**

On remand, the Parties' disagree as to the next step in this litigation with respect to liability and damages.

**1. Scope of Certification**

In light of the Parties' disagreement, the Court first discusses the scope of its prior Order granting in part and denying in part class certification. (ECF No. 105.) The Court certified the issue of "whether defendant should have classified the class members as employees, rather than independent contractors." (*Id.* at 15.) In doing so, the Court determined that the absent class members' rights would be affected by the outcome of the trial. However, certification of that discrete issue did not make the absent class members formal parties to this case. *See Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2379–80 (2011). Further, because the Court denied Plaintiff leave to represent the unnamed class members on the issues of liability and damages, those putative class members can surely not be classified as formal parties with respect to those issues. *See id.*

Accordingly, the Court agrees with Defendant that, at this point, only Fernando Ruiz's claims are pending before the Court with respect to liability and damages. Plaintiff seemingly accepts this proposition, stating that he wishes to file a renewed motion for certification and will only move the Court to add additional plaintiffs should that request be denied or if the Court ultimately denies the motion for certification.[1] (ECF No. 251 at 4; ECF No. 253 at 6, n.2.)

However, the Court agrees with Plaintiff that under Federal Rule of Civil Procedure 23, Plaintiff may file a renewed motion for class certification.

---

[1] If, at a later time, Plaintiff wishes to add the absent class members as parties, Plaintiff may file a separate motion to amend his complaint.

**2.     Motion for Limited Discovery**

Accordingly, the Court reopens discovery as is necessary for Plaintiff to file his renewed motion for certification. Plaintiff requests that the Court issue an Order directing Defendant to produce the following documents for each of the putative class members: (1) settlement statements, including statements similar in form and substance to Exhibit A of its motion; (2) any and all manifests, activity logs, time logs, and/or other documents that identify the class members' hours and/or schedules, including documents similar in form and substance to Exhibit B of its motion. (ECF No. 246.) Plaintiff argues that this discovery "will resolve factual issues necessary for the determination of whether the action may be maintained as a class action." (*Id.* at 5.)

Defendant argues that Plaintiff's requests are premature because they seek information which bear on the state law claims of the absent classmembers. (ECF No. 247 at 2.) Because those claims have not been certified for classwide treatment, Defendant contends that the information is not relevant under Federal Rule of Civil Procedure 26(b)(1). (*Id.*) However, Plaintiff makes clear that he intends to file a renewed motion for certification and argues that his requests for discovery are necessary prior to the filing of that motion. "[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

In light of the Ninth Circuit's recent opinion vacating and remanding and Plaintiff's arguments, the Court finds "good cause" to reopen discovery, thus modifying the prior scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, the Court **GRANTS** Plaintiff's Motion for Limited Discovery. The Court hereby **ORDERS** the Parties to contact Magistrate Judge Crawford's Chambers within <u>seven (7) days</u> to schedule a Case Management Conference.

**3.     Notice to Class Members**

Further, the certified classwide issue has been resolved.  In light of the Ninth Circuit's determination, within twenty-one (21) days of this Order, Plaintiff's counsel **SHALL LODGE** with the Court a Proposed Notice to the Class Members, pursuant to FRCP 23(d)(1)(B), regarding their status as employees.

## CONCLUSION

1. The Court **GRANTS** Plaintiff's Motion for Limited Discovery.
2. The Court hereby **ORDERS** the Parties to contact Magistrate Judge Crawford's Chambers within seven (7) days to schedule a Case Management Conference.
3. Within twenty-one (21) days of this Order, Plaintiff's counsel **SHALL LODGE** with the Court a Proposed Notice to the Class Members regarding their status as employees.

**IT IS SO ORDERED.**

DATED: April 8, 2015

Honorable Janis L. Sammartino
United States District Judge