1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11   FERNANDO RUIZ, individually and on          Case No.:  5cv2125 JLS (KSC)
     behalf of all others similarly situated,
12                                                **ORDER GRANTING MOTION TO**
                                  Plaintiff,      **RE-TAX COSTS**
13
     v.
14
     AFFINITY LOGISTICS
15   CORPORATION,                                 (ECF No. 282)
16                                Defendant.
17
18
19          Presently before the Court is plaintiff Fernando Ruiz's (Plaintiff) Motion to Re-Tax
20   Costs.  (ECF No. 263.)  Although defendant Affinity Logistics Corporation (Defendant)
21   did not submit any opposition briefing to the instant Motion, Defendant previously objected
22   to Plaintiff's bill of costs submitted to the Clerk of this Court.  (Opp'n to Bill of Costs, ECF
23   No. 243.)  The Court vacated the hearing and took this matter under submission pursuant
24   to Civil Local Rule 7.1(d)(1).
25          The parties have been litigating this case for more than a decade.  The Court held a
26   bench trial and, applying Georgia law, concluded Plaintiff and the delivery drivers were
27   independent contractors.  (Mem. Order, ECF No. 186.)  Plaintiff appealed and won, with
28   the Court of Appeals for the Ninth Circuit reversing this Court on choice of law grounds.

- 1 -

*Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318 (9th Cir. 2012).  On remand, the Court applied California law and again concluded that Plaintiff and the putative class were independent contractors.  (Mem. Order, ECF No. 216.)  The Ninth Circuit again reversed, concluding Plaintiff and the delivery drivers were employees.  *Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1105 (9th Cir. 2014).  The Ninth Circuit's Mandate in the latter appeal issued on December 15, 2014, and was docketed in this matter on January 12, 2015. (Mandate, ECF No. 245, at 1.)[1]  The mandate "[t]axed costs against appellee [Defendant] in the amount of $562.20."  (*Id.*)

Plaintiff submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54 on December 22, 2014, (ECF Nos. 240 & 241), to which Defendant objected, arguing Plaintiff was not yet a "prevailing party" for purposes of Rule 54 because the issue of whether Plaintiff was an employee or independent contractor was not "a stand-alone claim," but instead was a legal predicate necessary for Plaintiff to pursue his substantive claims, (Opp'n to Bill of Costs, ECF No. 243, at 3).  The Clerk of this Court agreed with Defendant and denied Plaintiff's request as premature.  (Clerk's Order, ECF No. 259.)  Plaintiff now objects to the Clerk's Order and Moves to Re-Tax costs.  (Mot., ECF No. 263.)

Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Plaintiff's Motion turns on whether he is a "prevailing party."

Plaintiff seeks costs related to his appeal and to the litigating the question of whether he and the other delivery drivers were employees or independent contractors.  Defendant's argument that "[n]either the Ninth Circuit nor this Court has issued a Rule 54 judgment or decree from which Plaintiff could seek costs," (Opp'n to Bill of Costs, ECF No. 243, at 3), is unconvincing.  Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies."  Obviously, an appeal lay from the Court's Memorandum Order finding for

---

[1] Page number citations to docketed materials refer to the CM/ECF page number electronically stamped at the top of each document.

Defendant, as evidenced by the fact that Plaintiff successfully appealed that decision. Additionally, the Ninth Circuit's Mandate entered the "judgment" of that court, and that judgment, in accord with Federal Rule of Appellate Procedure 39(a)(3), awarded costs to Plaintiff.

The rationale of the Court of Appeals for the Second Circuit's opinion in *Furman v. Cirrito*, 782 F.2d 353, 355–56 (2d Cir. 1986), is persuasive here. As the Second Circuit, which had been reversed by the Supreme Court, noted, "[i]t is often sound policy, of course, to wait until a controversy is finally decided on the merits before awarding costs, and to then determine who is the 'prevailing party[,'] instead of judging that issue piecemeal at each stage of the litigation." *Id.* However, the court concluded that the grounds upon which the Supreme Court had reversed it involved a discrete issue with important consequences for other cases—in particular, consequences for other RICO cases. *Id.* In the conclusion to its order, the Second Circuit reasoned:

> Whether or not appellants ultimately prevail on the merits of their claim, the case has created a significant legal principle, and their action should not have been prematurely dismissed. Hence, we conclude that at this stage of the litigation, appellants are the prevailing party and just as the district court would be required to award them costs after a reversal by this Court, it follows that appellants are entitled to costs in this Court after a Supreme Court reversal of our order.

*Id.* at 356; *see also Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir. 1995) (noting in the context of 42 U.S.C. § 1988 that a "litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered the prevailing party").

Likewise, the Court here concludes that, for this stage of the litigation, Plaintiff is a prevailing party and is entitled to costs. The protracted litigation so far has involved a significant amount of motion practice, a bench trial, and two appeals in which the Ninth Circuit held in favor of Plaintiff resulting in published opinions. The appeals presented a discrete issue with important consequences for other cases. If there could be any question from the opinions themselves—which is doubtful—The Ninth Circuit Mandate makes clear that under the Rule 39, the Rule of Appellate Procedure analogous to Rule 54, that

Plaintiff was the winner on appeal on the matters litigated to that point.  Lastly, at this juncture, Defendant has not filed any opposition to this Motion.  Accordingly, the Court finds that Plaintiff is a prevailing party.

Civil Local Rule 54.1(b)(2)(a) & (3)(a) provide that trial and deposition transcripts are taxable.  Likewise, fees for service of process, exemplifications and copies of papers, and certain translator costs are taxable.  L.R. 54.1(b)(1), (4), & (6).  Defendant does not contest the validity of the amounts and categories of costs Plaintiff seeks.

Thus, the Court re-taxes the following costs:

1.      $885.00 for fees of the clerk;

2.      $220.75 for fees for service of summons and subpoena;

3.      $10,531.50 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

4.      $600.08 for fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case; and

5.      $838.39 for compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828.

The Court therefore **SUSTAINS** Plaintiff's objections to the Clerk's Order, (ECF No. 259), and **GRANTS** Plaintiff's Motion, (ECF No. 263).  The costs taxed in favor of Plaintiff total $13,075.72.

**IT IS SO ORDERED.**

Dated:  January 27, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge