1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11   FERNANDO RUIZ, individually and on        Case No.:  5cv2125 JLS (KSC)
     behalf of all others similarly situated,
12                                             **ORDER GRANTING IN PART AND**
                                    Plaintiff,  **DENYING IN PART MOTION FOR**
13                                             **SUBSTITUTION**
     v.
14                                             (ECF No. 270)
     XPO Last Mile, Inc.,
15
                                   Defendant.
16

17

18

19          Presently before the Court is Plaintiffs' Motion for Substitution Pursuant to Rule
20   25(c).  (ECF No. 270.)  Also before the Court are Defendant's Opposition to Plaintiffs'
21   Motion for Substitution, (ECF No. 272), and Plaintiffs' Reply in Support of Plaintiffs'
22   Motion for Substitution Pursuant to Rule 25(c), (ECF No. 274).
23          Plaintiff Fernando Ruiz (Plaintiff) initially sued defendant Affinity Logistics
24   Corporation (Affinity), which merged into CRT Corporation.  Since the Merger, CRT
25   Corporation has changed its name twice, and is now called XPO Last Mile, Inc. (XPO Last
26   Mile).  XPO Last Mile is a wholly owned subsidiary of XPO Logistics, Inc. (XPO
27   Logistics).
28          Plaintiff seeks to substitute both XPO Last Mile and XPO Logistics in lieu of

- 1 -

Affinity pursuant to Federal Rule of Civil Procedure 25(c).

Rule 25(c) provides:

If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Affinity does not oppose substituting XPO Last Mile for Affinity Logistics, although it suggests that substitution is a mere formality and is unnecessary based on Rule 25. Affinity does, however, oppose, substituting the parent company XPO Logistics.[1]

The Court agrees with Affinity that XPO Logistics should not be "substituted" for Affinity. By all accounts, XPO Logistics and XPO Last Mile are discrete corporations, even though XPO Logistics owns all of XPO Last Mile's stock. "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Of course, substituting a party under Rule 25 does not "create new relationships among parties to a suit[,] but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10CV541-GPC WVG, 2014 WL 5606088, at *7 (S.D. Cal. Nov. 4, 2014).

Although substituting a party into a lawsuit is not the same as determining that a party is liable, the principle of observing a parent and subsidiary as discrete legal entities counsels against joining a parent company under Rule 25(c) in this instance. In the same way that one who purchases stock in a corporation in most circumstances would not become personally liable for a judgment against that corporation, the stock owner also should not, for purposes of Rule 25(c), be deemed a transferee of an interest in a lawsuit against that corporation. If ownership of stock in a company that is potentially liable is

---

[1] As Affinity points out in its brief, "Substituting XPO Last Mile, Inc. for Affinity is as pointless as substituting Clark Kent for Superman—Affinity is XPO Last Mile, Inc. Nevertheless, Affinity does not object to Plaintiff's request for a 'formal substitution.'" (Opp'n, ECF No. 272, at 2.)

enough on its own to be the type of transfer of an interest envisioned by Rule 25, the Rule could become a vehicle for joining investors in countless numbers of lawsuits, which clearly is not the purpose of Rule 25.

Through a merger, Affinity transferred its interest in this litigation to XPO Last Mile. Rule 25(c) presumes that the action may proceed against the original party, in this case Affinity, and gives the Court the option of substituting one party for another or joining a successor in interest.  There is no indication that XPO Last Mile's interest in this litigation is anything short of coextensive with its successor in interest, Affinity.  Plaintiff has not provided an adequate reason to join XPO Logistics based on the transfer in interest from Affinity to XPO Last Mile.

Accordingly, the Court **GRANTS** Plaintiff's Motion with respect to XPO Last Mile and **DENIES** Plaintiff's Motion with respect to XPO Logistics.  The Clerk of the Court **SHALL AMEND** the title of this action to substitute XPO Last Mile, Inc., as the sole defendant in place of Affinity Logistics Corporation, as reflected in the caption of this Order.

**IT IS SO ORDERED.**

Dated:  January 27, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

- 3 -