UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNARDO RUIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AFFINITY LOGISTICS CORP.,<br><br>Defendant. | Case No.:  05cv2125-JLS(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE [Doc. No. 309.]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 309.] In the Joint Motion, plaintiff seeks an order pursuant to Federal Rule of Civil Procedure 30(b)(6) compelling defendant to produce the witness most knowledgeable as to how to read the ADP payroll reports and/or records produced by defendant on or about March 25, 2016. [Doc. No. 309, at pp. 3-5; Doc. No. 309-2, at p. 2.] Plaintiff served defendant with a Rule 30(b)(6) Notice of Deposition on June 10, 2016. [Doc. No. 309, at p. 3.] Defendant objected to the Notice and declined to make a witness available. [Doc. No. 309, at pp. 3-4.]

For the reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling defendant to comply with plaintiff's Rule 30(b)(6) Notice of

/ / /

1

Deposition and make a knowledgeable witness available for deposition must be GRANTED.

### *Background*

The original Class Action Complaint in this case was filed on May 17, 2005. [Doc. No. 1, at p. 14.] Plaintiff was employed by defendant as a delivery driver from November 2003 through October 2004. [Doc. No. 1, at pp. 15.] The Complaint includes allegations that defendant violated California Labor Law by making improper payroll deductions and by failing to provide meal and rest breaks. [Doc. No. 1, at pp. 21-23.]

Since the Complaint was filed in 2005, the case has had an unusually long and complex procedural history, most of which is unnecessary to repeat here. In more recent history, the case was returned here by the Ninth Circuit on January 12, 2015, after determining that plaintiff and other potential class members must be classified as defendant's employees rather than independent contractors. [Doc. No. 245.] Thereafter, on January 20, 2015, plaintiff filed a Motion for Discovery with the District Court. [Doc. No. 246.] Since the Ninth Circuit determined that plaintiff was an employee rather than an independent contractor, plaintiff requested limited discovery necessary to determine the best way to proceed with the "remaining state law claims" and to calculate alleged damages. [Doc. No. 246, at p. 3.] Specifically, plaintiff sought disclosure of "(1) settlement statements . . . ; [and] (2) any and all manifests, activity logs, time logs, and/or other documents that identify [the potential class members'] hours and/or schedules . . . ." [Doc. No. 246, at pp. 1-2.] On April 8, 2015, the District Court granted plaintiff's request for limited discovery "as is necessary for plaintiff to file his renewed motion for certification." [Doc. No. 256, at p. 4.]

Following a Case Management Conference, this Court issued a Scheduling Order on May 27, 2015 setting a deadline of June 30, 2015 for the completion of "class discovery" so that any motion related to class certification could be filed no later than July 27, 2015. [Doc. No. 264, at p. 2.] However, in July and August 2015, after the discovery period had closed, defendant produced some ADP payroll reports and/or

records but was still searching for many of the documents plaintiff had specifically requested. [Doc. No. 275, at pp. 4-5.] On September 4, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute, because defendant had not produced all of the documents plaintiff had requested from defendant. [Doc. No. 275, at pp. 1-11.] In an Order re Joint Motion for Determination of Discovery Dispute filed on February 22, 2016, this Court ordered defendant to produce all settlement statements, pay summary documents, manifests, activity logs, activity reports, and load out/pay reports ***no later than March 25, 2016***. [Doc. No. 292, at pp. 4-10.] To the extent it was unable to locate any of these documents, defendant was ordered to provide plaintiff with a detailed declaration signed under penalty of perjury explaining why the documents could not be located and produced. [Doc. No. 292, at pp. 9-10.]

Meanwhile, plaintiff's Motion for Class Certification was filed on October 22, 2015. [Doc. No. 279.] On February 1, 2016, the District Court certified a class defined as "all current and former delivery drivers who made home deliveries for [defendant] within the State of California at any time between May 18, 2001 and the date of the resolution of this Complaint." [Doc. No. 289, at p. 23.] The class was certified to determine liability with respect to plaintiff's reimbursement and meal and rest break claims. Since they were not properly raised in plaintiff's Motion, the District Court denied certification as to plaintiff's remaining allegations. [Doc. No. 289, at p. 23.]

In a Joint Status Report filed at the Court's request on April 5, 2016, plaintiff advised the Court that defendant had not complied with this Court's February 22, 2016 Order to produce documents and/or provide an explanatory declaration. [Doc. No. 296, at p. 2.] Defendant represented in the Status Report that it had completed a search but was unable to locate the specific documents it had been ordered to produce. [Doc. No. 296, at pp. 1-10.] However, defendant stated that on March 25, 2016 it produced "nearly 80,000 pages of ADP reports" and claimed these documents contained "exactly what plaintiff requested." [Doc. No. 296, at pp. 2-3.] In other words, defendant represented

1  that the ADP reports are a viable replacement for the documents it was unable to locate
2  and produce pursuant to this Court's Order of February 22, 2016.
3     In a new Scheduling Order filed on April 12, 2016, plaintiff was given a deadline
4  of April 29, 2016 to file any motion for sanctions related to defendant's inability to
5  produce documents as ordered by the Court on February 22, 2106.  [Doc. No. 299, at p.
6  1.]  On April 29, 2016, plaintiff filed a Motion for Sanctions, which seeks both
7  evidentiary and monetary sanctions against defendant for failure to comply with the
8  Court's February 22, 2016 Order.  Plaintiff's Motion for Sanctions is pending before the
9  District Court at this time.  [Doc. No. 301.]  In addition, on September 26, 2016, plaintiff
10 filed a Motion for Summary Judgment that is currently pending before the District Court.
11 [Doc. No. 312.]
12    On June 10, 2016, plaintiff served defendant with the Notice of Deposition that is
13 the subject of the instant Joint Motion.  [Doc. No. 309.]  The Notice of Deposition states,
14 in pertinent part, that plaintiff seeks to depose "the person most knowledgeable" about
15 "[defendant's] recent production, dated March 25, 2016, specifically how to read the
16 ADP reports contained with the document production."  [Doc. No. 309-1, at p. 7.]

### *Discussion*

18    Defendant's main objection to the subject Notice of Deposition is timeliness.   In
19 response to the Notice of Deposition, defendant advised plaintiff that it did not intend to
20 make a witness available "absent a court order" because "the notice was issued well
21 outside the discovery period set by the court."  [Doc. No. 309, at p. 4.]  However, based
22 on the chronology of recent events in this case, the Court finds that defendant's objection
23 lacks merit and must be overruled.  [Doc. No. 309, at pp. 3-4.]
24    As outlined more fully above in the Background section of this Order, the only
25 reason plaintiff is seeking additional discovery "outside the discovery period set by the
26 court" [Doc. No. 209, at p. 4] is because defendant failed to produce highly relevant
27 documents before or after the discovery deadline set by the Court [Doc. No. 309, at p. 4],
28 and then failed to produce these documents as directed in the Court's February 22, 2016

1  Order. [Doc. No. 292, at pp. 9-10.] To this date, defendant has been unable to locate all
2  of the specific documents plaintiff has been seeking. Instead, defendant produced a
3  voluminous number of ADP payroll reports and/or records on March 25, 2016. [Doc.
4  No. 296, at pp. 1-10.] Within a reasonable time thereafter, on June 10, 2016, plaintiff
5  served a Notice of Deposition seeking to question a person who could explain how to
6  read these ADP reports and/or records. Based on the facts and circumstances presented,
7  it was unreasonable for defendant to refuse to comply with plaintiff's June 10, 2016
8  Notice of Deposition. Accordingly, under the circumstances presented the Court finds
9  that plaintiff's request for an order requiring defendant to comply with plaintiff's Rule
10 (30)(b)(6) Notice of Deposition must be GRANTED.

## *Conclusion*

12  Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an
13 order requiring defendant to make a Rule 30(b)(6) witness available for deposition must
14 be GRANTED. Within 30 day of the date of this Order, defendant shall make available
15 for deposition "the person most knowledgeable" who can specifically address how to
16 read or interpret all of the ADP records and/or reports produced by defendant in
17 connection with this litigation.
18  IT IS SO ORDERED.
19 Dated: October 19, 2016

Hon. Karen S. Crawford
United States Magistrate Judge