UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RUIZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> XPO LAST MILE, INC., formerly AFFINITY LOGISTICS CORP., <br><br> Defendant. | Case No.: 05cv2125 JLS (KSC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS** <br><br> (ECF No. 301) |

   Presently before the Court is Plaintiffs' Motion for Sanctions Pursuant to Rule 37 ("Sanctions Motion") (ECF No. 301), Defendant's Response in Opposition to Plaintiff's Motion for Sanctions ("Def.'s Opp'n") (ECF No. 303), and Plaintiff's Reply in Support of Motion for Sanctions Pursuant to Rule 37 ("Pl.'s Reply") (ECF No. 301).  On June 30, 2016 the Court took the Sanctions Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d).  (ECF No. 305.)  Having considered the parties' arguments and the law, the Court rules as follows.

/ / /

/ / /

/ / /

/ / /

1

# BACKGROUND[1]

In August of 2015, the parties submitted to Magistrate Judge Karen S. Crawford a Joint Motion for Determination of Discovery Dispute ("Disc. Mot.") (ECF No. 275).  In the Joint Motion, Plaintiffs sought: (1) "[a]ny and all 'Settlement Statements,' 'pay summary' documents, and/or other statements showing (i) the specific expenses deducted from each Driver's pay on a weekly or bi-weekly basis and (ii) the amount of those deductions[;]" (2) "[a]ny and all 'manifests,' 'activity logs,' 'activity reports,' 'time logs,' or similar documents that show the work schedule of each Driver and the hours worked by each Driver[;]" and (3) "[a]ny and all Load Out/Pay Reports for the Drivers."  (Disc. Mot. 3–9.)  The Discovery Motion was filed in part because Defendant had previously supplied documents with itemized deduction information, but containing only Week-52 data (i.e., year-end totals) and "except for approximately 270 pages, every other page [wa]s either . . . entirely redacted . . . and/or . . . a duplicate or triplicate of another page."  (Sanctions Mot. Ex. A, 1).  Ultimately, Judge Crawford ruled in Plaintiffs' favor on all requests, ordering Defendant to either comply with each request or instead provide Plaintiffs with "a detailed declaration signed under penalty of perjury by Affinity's most knowledgeable representative" providing "a complete explanation as to why the responsive" documents could not be located and outlining "all steps taken to make this determination."  (Order re Joint Mot. for Determination of Disc. Dispute ("Order Compelling Discovery") 4–10, ECF No. 292.)

After Judge Crawford's Order, Plaintiffs allege that "[o]n March 25, 2016, Defendant produced more than 75,000 pages of documents," none of which included "a single Settlement Statement, pay summary, manifest, activity log, activity report, time log or load out . . . / pay report."  (Sanctions Mot. 5.)  Instead, the majority of documents Defendant submitted were "new ADP Reports" that vary in form from Defendant's prior

---

[1] Because the complete factual and procedural history of this over-ten-year-old case is not relevant to this particular motion, the Court here only summarizes facts and procedural history relevant to the currently pending motion.

ADP production and from which Plaintiffs allege they "cannot determine the weekly expense deductions . . . ." (*Id.* at 5–6). Further, Plaintiffs allege that Defendant has not supplied "**any** documents for the May 2001 to June 2004 time period." (*Id.* at 7 (emphasis original).) Instead, Defendant submitted several declarations with its production, explaining that: (1) XPO Last Mile has changed corporate forms several times during the pendency of this litigation, and during "these acquisitions and corporate changes, legacy Affinity Logistics documents have been maintained to the best of our ability in Georgia[,]" (Def.'s Opp'n Ex. 1, 1); (2) Defendant "searched for activity reports" but they may have been "inadvertently disposed of some time during the past decade[,]" (*id.* Ex. 2, 1); (3) Defendant "searched for customer manifests" but "was not able to locate customer manifests for the relevant time period" because Defendant "does not maintain copies of its customers' manifests[,]" (*id.*); and (4) Defendant "searched for load out/pay reports[,]" but "[t]o the best of [its] knowledge . . . never had possession of these documents[,]" and if it did then the reports "were inadvertently disposed of during the past decade[,]" (*id.* at 2–3).

Several weeks later, Judge Crawford held a status conference regarding the above-described discovery. (ECF No. 300.) Plaintiffs argued that Defendant had not complied with the Order Compelling Discovery; Defendant asserted compliance. (*See* Sanctions Mot. 6.) Judge Crawford "invited Plaintiffs to make a motion under Rule 37 if they believed it was appropriate." (*Id.*) Several weeks later, Plaintiffs filed the instant Sanctions Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 gives courts the power to impose sanctions on parties who do not comply with discovery orders, including: (i) directing that facts be taken as established "as the prevailing party claims," (ii) prohibiting the disobedient party from introducing certain evidence or from supporting or opposing certain claims or defenses, (iii) wholly or partially striking pleadings, (iv) staying further proceedings until orders are obeyed, (v) dismissing the action in whole or in part, (vi) entering a default judgment against the disobedient party, or (vii) treating failure to obey most kinds of orders as

contempt.  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 also allows the court to order payment of expenses, including attorney fees, caused by the other party's failure.  Fed. R. Civ. P. 37(b)(2)(C).  Unless a proposed sanction implicates dismissal of an action, the court need not identify "willfulness, fault, or bad faith[,]" even if the sanction is severe.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  A district court has wide discretion in determining the appropriateness of issuing sanctions, *id.*; *Navellier v. Slettenm*, 262 F.3d 923, 947 (9th Cir. 2001), and this is especially true when the sanction imposed due to failure to obey a discovery order "bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct[,]" *id.*  Further— independent of Rule 37—a district court has "the inherent power . . . to levy sanctions in response to abusive litigation practices."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

## ANALYSIS

In the present case, Plaintiffs' Sanctions Motion requests the following relief:

(1) precluding Defendant from using or relying upon Settlement Statements, pay summaries, ADP Master Control Reports or documents from Paychex, Inc. to dispute the expense reimbursement estimates developed by Plaintiffs;

(2) precluding Defendant from using or relying upon Settlement Statements, pay summaries, ADP Master Control Reports or documents from Paychex, Inc. to support its defense of "enhanced compensation;"

(3) precluding Defendant from using or relying upon manifests or load out . . . / pay reports to dispute (a) the hours and mileage estimates developed by Plaintiffs and (b) the fuel expense estimates developed by Plaintiffs; and

(4) awarding Plaintiffs reasonable attorneys' fees and costs associated with the filing of this motion and the motion to compel.

(Sanctions Mot. 2–3.)  Defendant responds that (1) "some documents, which were not previously requested, can no longer be located[;]" (2) Plaintiffs' preclusion requests are overbroad both because they "cite[] no authority and make[] no argument supporting [their] position that Affinity should not be able to rely on these already-produced documents, some of which are already in evidence in this case[,]" and because Rule 37(c)(1) does not

4

support such preclusion; (3) Defendant's recently produced ADP reports adequately "demonstrate the compensation received by the class members and the settlement deductions taken from that compensation[;]" and (4) the requested manifests and load out/pay reports "belong[] to [Defendant's] customers" and thus Defendant does not have those documents in its possession.  (Def.'s Opp'n 4–5.)  The Court often agrees with Plaintiffs, but also agrees with Defendant regarding several issues.  The Court first addresses in turn each of Defendant's arguments opposing sanctions, then concludes by imposing appropriate sanctions.

As an initial matter, a large part of Defendant's argument against sanctions hinges on the fact that certain requested documents may well have been inadvertently lost or destroyed.  But this is absolutely no excuse for non-production.  Nor is the fact that the specific documents were not previously requested by Plaintiffs.  The "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998).  In the present case, this is, and has always been, a class action complaint concerning payment to delivery drivers working for Defendant.  (*See, e.g.*, Order Granting Mot. to Transfer Venue 1, ECF No. 1.)  Thus Defendant should have been on notice that the documents here at issue had to preserved, and Defendant's merely classifying as "inadvertent" any destruction of these relevant documents does not relieve Defendant of this duty.

Next, although Plaintiffs offer no authority directly on point for precluding Defendant from using previously identified documents, neither does Defendant offer any authority directly on point saying such preclusion is improper.  Instead, Defendant argues that Plaintiffs' citation to the language of 37(c)(1) to support their preclusion arguments is insufficient because that Rule does not expressly encompass Plaintiffs' requested

1  preclusion relief. (Def.'s Opp'n 7–8.) However, Rule 37(c)(1) continues past the text cited

2  by Defendant, specifically directing that a court may also "impose other appropriate

3  sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P.

4  37(c)(1)(C).  These additional sections of Rule 37(b)(2)(A) explicitly do <u>not</u> cabin in a

5  court's discretion; indeed, they even specifically list as permissible the sanction of

6  "prohibiting the disobedient party from supporting or opposing designated claims or

7  defenses, or from introducing designated matters in evidence . . . ." *Id.* at 37(b)(A)(ii).[2]

8  And, as noted above, a district court has wide discretion under Rule 37 to fashion

9  appropriate sanctions for discovery abuses, especially where—as here—the requested

10  sanctions are tailored to the particular subjects encompassed by the discovery violations.

11  Accordingly, Plaintiffs request to prohibit Defendant from using selective documents of a

12  specific type due to Defendant's impermissible non-preservation of certain evidence of the

13  same specific type fits both squarely within the Rule's provisions and the Court's

14  discretion.

15  Next, after carefully reviewing both Plaintiffs' and Defendant's attached exhibits,

16  the Court concludes that Defendant's supplied master ADP reports technically provide the

17  same information as the documents Plaintiffs requested.  As noted above, Defendant

18  initially produced only Week-52 master ADP reports, and although the reports alone were

19  nonresponsive because Plaintiff needed weekly or bi-weekly data, the form of the reports

20  <u>were</u> responsive insofar as they listed individual columns of deductions.  (*See* Sanctions

21  Mot. Ex. E, at 2.)  After Judge Crawford issued her Order Compelling Discovery,

22  Defendant supplied weekly master ADP reports that varied in presentation from those

23  Defendant had previously provided to Plaintiffs.  Especially relevant to this Sanctions

24  Motion, (1) the newly produced ADP reports do not have columns separately listing

25  statutory and voluntary deductions, replacing them instead with a single column labeled

26

27

28  [2] The Court also may grant Plaintiffs requested preclusion based on its inherent power, discussed in pages 3–4 of this Order, *supra*.

"Accumulations to Date[,]" and (2) the reports list only year-to-date and quarter-to-date (rather than weekly) totals for deductions and earnings. (*Compare* Def.'s Opp'n Ex. 2, at 5–7 (new ADP reports), *with* Sanctions Motion Ex. E, at 2 (old ADP reports).)  This, of course, makes it much harder to extract data from the reports for purposes of Plaintiffs' claims.  However, it does not render such data extraction impossible.  Plaintiffs can still read each report, starting with week one of each calendar year working forward, and in so doing calculate each weekly deduction based on the mathematical difference between the current and preceding week's individualized deductions listed in the "Accumulations to Date" column.  Furthermore, even if the Court found this to be a violation of the discovery order, Defendant's point is well taken that supplying documents that do not comply with the discovery request should not be grounds to "preclude Affinity from using them[,]" especially because here "they were produced in their original form and have in no way been 'spoilated.'" (Def.'s Opp'n 10.)

Finally, Defendant's argument that certain documents belong to its customers and therefore are not in Defendant's possession was already addressed and dispensed with by Judge Crawford.  She noted: "Without more, it is unclear why [D]efendant, by virtue of its relationship with customers . . . would not have the legal right to obtain and produce copies of relevant manifests." (Order Compelling Disc. 8.)  Because Defendant in its Opposition offers no new line of analysis, this argument again fails.

## CONCLUSION

Given the foregoing, the Court **FINDS** Defendant violated the Order Compelling Discovery insofar as it failed to produce many of the documents which Plaintiffs requested. Merely asserting attempts to search for relevant documents, that some documents were inadvertently disposed of, and that others are in the control of Defendant's customers are insufficient to comply with the Order Compelling Discovery.  Further, the Court sees no reason why going forward Defendant should be allowed to selectively use certain documents the specific type of which it has repeatedly failed to produce for Plaintiffs (and indeed that Defendant admits it may have destroyed).  Accordingly, pursuant to Federal

05cv2125 JLS (KSC)

Rule of Civil Procedure 37 and the Court's inherent authority, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Sanction Motion as follows:

(1) Defendant **SHALL** be precluded from using or relying on Settlement Statements, pay summaries, or documents from Paychex, Inc. to dispute the expense reimbursement estimates developed by Plaintiffs;

(2) Defendant **SHALL** be precluded from using or relying on Settlement Statements, pay summaries, or documents from Paychex, Inc. to support its defense of "enhanced compensation";

(3) Defendant **SHALL** be precluded from using or relying upon manifests or load out / pay reports to dispute (a) the hours and mileage estimates developed by Plaintiffs and (b) the fuel expense estimates developed by Plaintiffs;

(4) Plaintiffs **SHALL** be awarded reasonable attorneys' fees and costs associated with the filing of this motion and the motion to compel. Plaintiffs **SHALL FILE** an application for attorneys' fees and costs, including all relevant fee and cost data and legal argument, <u>on or before January 5, 2017</u>. Defendants **SHALL FILE** an opposition to the fee and cost data, if any, <u>on or before January 19, 2017</u>.

(5) Plaintiffs' request to preclude Defendant from relying upon "ADP Master Control Reports" is **DENIED** in its entirety as to all issues.

**IT IS SO ORDERED.**

Dated:  December 19, 2016

Hon. Janis L. Sammartino
United States District Judge