UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RUIZ, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>v.<br>XPO LAST MILE, INC., formerly AFFINITY LOGISTICS CORPORATION,<br>                                        Defendant. | Case No.: 5cv2125 JLS (KSC)<br><br>**ORDER DENYING MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESS**<br><br>(ECF No. 310) |

Presently before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witness ("Mot. to Exclude"), (ECF No. 310), and Plaintiffs' Reply in Opposition to the Motion to Exclude ("Opp'n"), (ECF No. 339). Having considered the Parties' arguments and the law, the Court **DENIES** Defendant's Motion.

Defendant asserts several reasons why Plaintiffs' Expert Witness, Kevin Taylor, should be barred from testifying at trial, none of which are persuasive. Defendants' first argument—that the Court certified only liability, rather than liability and damages—is simply incorrect. The Court has repeatedly explained that it certified liability, and that damages naturally flow from that certification. Whether damages present an individualized inquiry is something to be addressed by damage calculations and individual claim submissions or testimony where relevant, not certification. *See Jimenez v. Allstate Ins. Co.*,

765 F.3d 1161, 1168 (9th Cir. 2014) ("So long as the plaintiffs were harmed by the same conduct, disparities in how or by how much they were harmed d[oes] not defeat class certification."); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) ("It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages. If the issues of liability are genuinely common issues, and the damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses, the fact that damages are not identical across all class members should not preclude class certification. Otherwise defendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits."). Accordingly, Defendants' argument here should not bar Mr. Taylor's testimony.

Defendants' remaining arguments focus on the standard for expert testimony as set forth in Federal Rule of Evidence 702 and interpreted by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny. Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Daubert* and subsequent cases have interpreted the rule as requiring that evidence be both relevant and reliable. 509 U.S. at 589–95. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93; *see also* Fed. R. Evid. 703 (requiring the facts or data upon which the expert relies to be "of a type reasonably relied upon by experts in the particular field"). Ultimately, "[a]

trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire*, 526 U.S. at 152).

In conducting this inquiry, Courts consider *Daubert*'s non-exhaustive list of factors. *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002) (citing *Daubert*, 509 U.S. at 593–94; *Kumho Tire*, 526 U.S. at 141), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 460 (9th Cir. 2014). This includes: "(1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community." *Id.*

This inquiry is designed to be a flexible one, and "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). "[R]ejection of expert testimony is the exception rather than the rule." *Frye v. Ayers*, No. CIVS990628LKKKJM, 2009 WL 1312924, at *4 (E.D. Cal. May 12, 2009) (quoting Advisory Committee Notes to 2000 Amendments to Fed. R. Evid. 702).

In the present case, Mr. Taylor has worked as an accountant and consultant for over twenty years and is regularly engaged by businesses and individuals to examine data for the purpose of converting, analyzing, and reporting such data. (Opp'n Ex. B, ECF No. 339-2, at 2.) Mr. Taylor is regularly engaged as an expert witness and conducts causation analyses and damage quantification analyses. (*Id.*) This satisfies the Court at this preliminary stage that Mr. Taylor should not be barred for lack of expert qualification.

Further, Mr. Taylor's testimony is unquestionably relevant. In the context of a *Daubert* motion, relevancy is satisfied if an expert's testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). Mr. Taylor's testimony here will address the potential total damages Class Members suffered due to Defendant's various California Labor Code

violations. Damages are a material aspect, and indeed *prima facie* <u>requirement</u>, of Plaintiffs' claims. Accordingly, Mr. Taylor's testimony should not be barred for lack of relevancy.

Finally, Mr. Taylor's testimony also appears reliable. Mr. Taylor relied almost exclusively on pay and expense information Defendant provided. (Opp'n Ex. B, ECF No. 339-2, at 2–3.) Where Defendant did not provide specific information, Mr. Taylor used the employees' start and end dates of employment—again, data points Defendant provided—to estimate the employees' total number of work weeks. (*Id.* at 3.) And "[t]he employer cannot be heard to complain that the damages [calculations] lack the exactness and precision of measurement that would be possible had he kept records . . . ." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946). Specifically, when an employee proves "that he has in fact performed work for which he was improperly compensated" and "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference[,]" the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.*; *see also Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005) ("[T]he reasonableness of the assumptions underlying the experts' . . . analysis, [or] criticisms of an expert's method of calculation [are] matter[s] for the jury's consideration in weighing that evidence." (alterations in original) (quoting *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001))).

/ / /
/ / /
/ / /
/ / /
/ / /

Given the foregoing, the Court is satisfied that at this time Plaintiff's Expert should not be barred from testifying pursuant to any of Defendant's asserted grounds. Accordingly, Defendant's Motion to Exclude is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 23, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge